J-S10035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN CHARLES CHAPMAN, | |
| Appellant | No. 2132 EDA 2015 |

Appeal from the Judgment of Sentence April 15, 2015
in the Court of Common Pleas of Wayne County
Criminal Division at No.: CP-64-CR-0000220-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 12, 2016**

Appellant, John Charles Chapman, appeals from the judgment of sentence imposed on April 15, 2015 after his guilty plea to one count of theft by unlawful taking.  We affirm.

We take the facts and procedural history in this matter from the transcript of the guilty plea and sentencing hearings, the trial court opinion and our review of the certified record.  Appellant and his landlady, Ms. Elaine Holgate, agreed that in exchange for her lowering his rent payments, Appellant would make certain improvements to the property he was renting from her.  On October 8, 2012, they went to Home Depot and purchased $901.70 worth of materials for the improvements.  (**See** N.T. Guilty Plea

---

[*] Retired Senior Judge assigned to the Superior Court.

Hearing, 7/17/14, at 1). Appellant then took the materials and vacated without making any improvements. (*See id.*).

On July 17, 2014, Appellant pleaded guilty to one count of theft by unlawful taking. On April 15, 2015, the trial court, with the benefit of a presentence investigation report (PSI), sentenced Appellant in the aggravated range to not less than seventeen months' nor more than five years' imprisonment. (*See* Trial Court Opinion, 6/12/15, at 1). The court made Appellant RRRI eligible with a RRRI minimum of twelve and three-quarters months and directed that Appellant was to serve this sentence concurrent to a sentence which he was already serving in a non-related case.

The trial court explained that aggravating circumstances were present in this case because of Appellant's extensive criminal record, consisting of at least twenty-six prior convictions, and because Appellant committed this theft while on parole supervision. (*See* N.T. Sentencing, 4/15/15, at 7-8).

On April 27, 2015, Appellant timely[1] filed a post-sentence motion claiming his sentence was harsh and oppressive, which the trial court denied by order with an accompanying opinion on June 12, 2015. (*See* Order,

---

[1] April 25, 2015 was a Saturday, thus Appellant's post-sentence motion was due the following Monday, April 27, 2015. *See* 1 Pa.C.S.A. § 1908.

6/12/15). On July 13, 2015, Appellant timely filed his notice of appeal.[2] Pursuant to the trial court's order, Appellant filed his concise statement of errors complained of on appeal on August 4, 2015. **See** Pa.R.A.P. 1925(b). On August 6, 2015, the trial court entered a statement that it was relying on its June 12, 2015 opinion and order. **See** Pa.R.A.P. 1925(a).

Appellant raises one question on appeal:

[1.] Was the trial court's imposition of a sentence in the aggravated range of seventeen (17) months to five (5) years [of imprisonment] overly harsh and excessive?

(Appellant's Brief, at 5) (unnecessary capitalization omitted).

Appellant's issue seeks review of the length of his sentence and, accordingly, challenges the trial court's exercise of discretion. **See Commonwealth v. Bromley**, 862 A.2d 598, 604 (Pa. Super. 2004), *appeal denied*, 881 A.2d 818 (Pa. 2005), *cert. denied*, 546 U.S. 1095 (2006).

To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. section 9781(b).

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007) (case citation omitted).

---

[2] July 12, 2015 was a Sunday, thus the notice of appeal was due the following Monday, July 13, 2015. **See** 1 Pa.C.S.A. § 1908.

Here, Appellant properly preserved his claim by filing a timely post-sentence motion and notice of appeal. Additionally, Appellant included a Rule 2119(f) statement in his brief, which argues that a substantial question exists whether his sentence, which was in the aggravated range, was consistent with his prior record score of four. (*See* Appellant's Brief, at 7-8). A claim that a sentencing court relied on improper factors and improperly sentenced an appellant in the aggravated range raises a substantial question. *See Commonwealth v. Stewart*, 867 A.2d 589, 592 (Pa. Super. 2005). Therefore, we will consider the merits of Appellant's issue. *See Cook*, *supra* at 11.

Our standard of review in sentencing matters is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

> A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed. In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion.

*Commonwealth v. Bowen*, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citations and quotation marks omitted); *see also* 204 Pa.Code § 303.13(c) (providing that when imposing sentence in aggravated range sentencing court, "shall state [its] reasons on the record[.]").

Here, our review of the record reveals that at the time of sentencing, Appellant's prior record score was four and the offense gravity score was three. (*See* Trial Ct. Op., at 1). Accordingly, the aggravated guideline range was up to seventeen months' imprisonment. *See* 204 Pa. Code § 303.16(a). At sentencing, the trial court, with the benefit of a PSI, sentenced Appellant in the aggravated range of the guidelines to not less than seventeen months nor more than five years' imprisonment. (*See* N.T. Sentencing, 4/15/15, at 6-8). The court explained that it imposed a sentence in the aggravated range because of Appellant's "extensive criminal history and the fact that he committed the instant offense while on parole supervision." (Trial Ct. Op. at 3; *see* N.T. Sentencing, at 8).

Accordingly, we conclude that the court properly exercised its discretion in sentencing Appellant in the aggravated range. The court adequately stated its reasons and the record substantiates its sentencing determinations. *See Clarke*, *supra* at 1287; *Bowen*, *supra* at 1122. Therefore, Appellant's issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016