PENNSYLVANIA DEPARTMENT OF CORRECTIONS et al., Appellees.

No. 3 EAP 2009.

Supreme Court of Pennsylvania.

Aug. 5, 2009.

**ORDER**

PER CURIAM.

**AND NOW,** this 5th day of August, 2009, the above captioned appeal is quashed for failure to file a brief.

COMMONWEALTH of Pennsylvania, Appellee

v.

Syvol BOWEN, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 6, 2009.

Filed May 21, 2009.

William K. Sayer, Public Defender, Stroudsburg, for appellant.

Michael Rakaczewski, Asst. Dist. Atty., Stroudsburg, for Com., appellee.

BEFORE: BOWES, SHOGAN, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

¶ 1 Appellant, Syvol Bowen, appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas. Specifically, Appellant challenges the propriety of his aggravated-range sentence, which he alleges was based primarily on his silence at sentencing, thus constituting a violation of his right to remain silent pursuant to the Fifth Amendment of the United States Constitution. We hold that a court may not consider a defendant's silence at sentencing as indicative of his failure to take responsibility for the crimes of which he was convicted. We further hold that silence at sentencing may not be the sole factor in determining a defendant's lack of remorse. However, we conclude that the trial court relied on numerous legitimate factors in imposing the aggravated-range sentence at issue. Accordingly, we affirm.

¶ 2 The Commonwealth charged Appellant with committing a rape and striking the victim in this case. Appellant chose not to testify. A jury acquitted Appellant of rape and sexual assault charges, but convicted him of simple assault, a second-degree misdemeanor, and terroristic threats, a first-degree misdemeanor. Pursuant to counsel's advice, Appellant remained silent during the sentencing process. The trial court sentenced Appellant on the simple-assault conviction to twelve to twenty-four months' imprisonment, which, although the statutory maximum, was also within the standard range of the sentencing guidelines.[1] The court also imposed a consecutive sentence of eighteen to forty-three months' imprisonment for the terroristic-threats conviction, which sentence fell within the aggravated range of the sentencing guidelines.[2] In justifying the aggravated-range sentence for terroristic threats, the trial court noted Appellant's poor employment history, long history of recidivism, and the victim's emotional trauma. The court also indicated that Appellant failed to show any remorse

---

* Former Justice specially assigned to Superior Court.

1. The pre-sentence report erroneously listed the standard range as six to twelve months' imprisonment. The standard range for simple assault, with an offense gravity score of three and prior record score of five, was six to sixteen months' imprisonment. Accordingly, Appellant's simple-assault conviction fell within the standard range.

2. The offense gravity score was three and the prior record score was five.

for his crimes or to take responsibility for them, even after the jury's decision. Appellant filed post-sentence motions, which the trial court denied. This timely appeal followed.

¶ 3 Appellant presents one issue for our review: "[Whether] a [s]entencing court in a criminal matter [may] treat a defendant's silence on the alleged incident as proof of a lack of remorse and then consider it as an aggravating factor?" Appellant's Brief at 4.

¶ 4 In reviewing the decision of the sentencing court, our standard of review is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super.1999) (en banc) (quotations and citations omitted). "A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." *Commonwealth v. Stewart*, 867 A.2d 589, 592–93 (Pa.Super.2005) (citing *Commonwealth v. Duffy*, 341 Pa.Super. 217, 491 A.2d 230, 233 (1985)). "In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion." *Id.* at 593.

¶ 5 Because he challenges the discretionary aspects of his sentence, Appellant has included in his brief a statement pursuant to Pa.R.A.P. 2119(f), in which he contends that his aggravated-range sentence was based on an unconstitutional factor. Appellant's claim raises a substantial question for our review, and therefore we may proceed to address its merits. *See Stewart*, 867 A.2d at 592 (finding substantial question raised when appellant alleged that sentencing court considered improper factors when sentencing in aggravated range).

¶ 6 Appellant argues that the United States Supreme Court has found unconstitutional any penalty assessed for a defendant's silence at sentencing. He contends that the trial court violated his Fifth Amendment rights by considering his silence as reflective of his lack of remorse. Appellant concludes that the trial court abused its discretion, requiring this Court to vacate his sentence. Although we agree in part with Appellant's constitutional claims, we disagree that resentencing is necessary.

¶ 7 Appellant relies primarily on the United States Supreme Court's decision in *Mitchell v. United States*, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999), specifically the Court's holding that factfinders may not hold a defendant's "silence against her in determining the facts of the offense at the sentencing hearing." *Id.* at 330, 119 S.Ct. 1307. However, as Appellant acknowledges, the Court explicitly passed on the question of "[w]hether silence bears upon the determination of a lack of remorse, or upon acceptance of responsibility for purposes of [ ] downward adjustment." *Id.*

¶ 8 The trial court and Commonwealth respond that lack of remorse has long been a legitimate sentencing factor in Pennsylvania, citing to *Commonwealth v. Ellis*, 700 A.2d 948, 959 (Pa.Super.1997). The

Commonwealth further cites our Supreme Court's decision in *Commonwealth v. Begley,* 566 Pa. 239, 780 A.2d 605 (2001), in which the defendant's lack of remorse was also at issue:

Appellant claims that the trial court should not have considered either his lack of remorse, since he maintained his innocence throughout the trial, or his failure to cooperate with the authorities.

* * *

We [ ] find that the court did not err in relying on Appellant's lack of remorse or lack of cooperation in fashioning a sentence outside of the Guidelines. Clearly, both Appellant's lack of contrition and Appellant's lack of cooperation with the authorities were signs of Appellant's character. The fact that Appellant did not show any remorse after a jury found beyond a reasonable doubt that he murdered [ ] a girl he once treated as a daughter, even if he maintained his innocence, was indicia of Appellant's social conscience. *Commonwealth v. Miller,* [555 Pa. 354,] 724 A.2d 895, 902 (1999); *Commonwealth v. Gallagher,* [296 Pa.Super. 382,] 442 A.2d 820, 822 (1982). Similarly, Appellant's refusal to cooperate with the authorities on simple matters, such as stating his family history and health problems, was a gauge of Appellant's potential for rehabilitation. *Roberts v. United States,* 445 U.S. 552[, 100 S.Ct. 1358, 63 L.Ed.2d 622] (1980); *Commonwealth v. Constantine,* [329 Pa.Super. 212,] 478 A.2d 39, 40 (1984). Therefore, because both these factors were aspects of Appellant's character, the trial court properly considered them along with the offenses charged and the Sentencing Guidelines to form a sentence consistent with protecting the public, the gravity of the offense, and Appellant's rehabilitative needs. *See [Commonwealth v.]*

*Devers,* [519 Pa. 88,] 546 A.2d [12,] 18 [ ( 1988) ]. [W]e find that the trial court did not abuse its discretion in relying on Appellant's lack of contrition and lack of cooperation.

*Id.* at 303–04, 780 A.2d at 643–44. Finally, the trial court states, "Nowhere did we rely on the fact that [Appellant] remained silent during his pre-sentence interview, other than in the context of his complete lack of acknowledgement of responsibility and remorse for the crimes for which he was convicted." Trial Ct. Op. at 4.

¶ 9 Initially, we note our Supreme Court's recent pronouncement regarding this Court's review of the discretionary aspects of a sentence. In *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007), our Supreme Court emphasized that the appellate court's role in reviewing the discretionary aspects of a sentence is to discern whether the sentencing court abused its discretion. *Id.* at 564, 926 A.2d at 961. Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. *Walls, supra* at 567–68, 926 A.2d at 963 (quoting 42 Pa.C.S. § 9781(d)). The *Walls* Court specifically admonished that the weighing of factors under 42 Pa.C.S. § 9721(b) was exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those fac-

tors. *Id.* at 573, 926 A.2d at 966. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c). *Id.* at 574–75, 926 A.2d at 967.

¶ 10 *Walls* involved sentences that fell outside of the sentencing guidelines, thereby subjecting the appellate courts to an analysis of whether the sentences were merely unreasonable pursuant to Section 9781(c)(3). Instantly, the individual sentences were within the guidelines, thereby subjecting this Court to an analysis of whether the sentences were "clearly unreasonable," pursuant to Section 9781(c)(2). We proceed on that basis.

¶ 11 We begin by noting our concern about the trial court's justification at sentencing. The trial court properly observes that lack of remorse is a permissible factor at sentencing. *See Begley,* 566 Pa. at 303–04, 780 A.2d at 644. The *Begley* Court, however, made a specific determination that Begley's lack of remorse, given the facts of the case, "was indicia of [his] social conscience." *Id.* at 304, 780 A.2d at 644. The *Begley* Court noted that such lack of remorse, combined with his failure to cooperate with authorities in stating innocuous facts such as his family history and health problems, factored into a consideration of his potential for rehabilitation. *Id.* at 303–04, 780 A.2d at 644. Perhaps most importantly, the trial court did not refer to Begley's silence at sentencing in issuing its findings. *See id.* at 302, 780 A.2d at 643. Accordingly, the *Begley* Court found that the trial court properly considered the Section 9721(b) factors in considering Begley's lack of remorse.

■ ¶ 12 Instantly, our concern lies initially not with the trial court's consideration of Appellant's lack of **remorse,** but rather in emphasizing Appellant's failure to acknowledge **responsibility.** The trial court stated at sentencing:

> Well, I've read the entire PSI. I do note that [Appellant] was advised by his counsel not to give his version of events. That's his prerogative certainly.

> But he has not acknowledged any responsibility after sitting through an entire trial where he was convicted by a jury of his peers. There's 12 people agreeing on the conviction. He shows and never has shown any remorse in this case whatsoever, and we're standing here now after a conviction after a trial by jury, not in some pretrial phase of these proceedings. He shows no remorse. He takes no responsibility.

N.T., 4/20/07, at 8. Twice, the trial court admonished Appellant for not taking responsibility for the crimes despite the jury's convicting him of them.

¶ 13 We find the trial court's admonishment improper. The United States Supreme Court held in *Mitchell, supra:*

> The Fifth Amendment by its terms prevents a person from being "compelled in any criminal case to be a witness against himself." U.S. Const., Amdt. 5. To maintain that the sentencing proceedings are not part of "any criminal case" is contrary to the law and to common sense.... To say that [the defendant] had no right to remain silent but instead could be compelled to cooperate in the deprivation of her liberty would ignore the Fifth Amendment privilege at the precise state where, from her point of view, it was most important.

*Mitchell,* 526 U.S. at 327, 119 S.Ct. 1307; *see also Estelle v. Smith,* 451 U.S. 454, 463, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) ("Given the gravity of the decision to be made at the penalty phase, the State is not

relieved of the obligation to observe fundamental constitutional guarantees. Any effort by the State to compel respondent to testify against his will at the sentencing hearing clearly would contravene the Fifth Amendment." (citations omitted)). Although the *Mitchell* Court clarified that its holding related only to whether silence at sentencing may be used as an adverse inference to prove a fact relevant to the crime, the Court nonetheless indicated, in no uncertain terms, that sentencing courts must acknowledge and protect a defendant's privilege against self-incrimination. *See Mitchell,* 526 U.S. at 330, 119 S.Ct. 1307 ("The Government retains the burden of proving facts relevant to the crime at the sentencing phase and cannot enlist the defendant in this process at the expense of the self-incrimination privilege.").

■ ¶ 14 Reading *Mitchell* and *Begley* together, it is undoubtedly appropriate for a trial court to consider a defendant's lack of remorse as a factor at sentencing, provided that it is specifically considered in relation to protection of the public, the gravity of the offense, and the defendant's rehabilitative needs. *See Begley,* 566 Pa. at 304, 780 A.2d at 644. The question remains open, however, as to whether the defendant's **silence** at sentencing may be considered lack of remorse or failure to take responsibility. *See Mitchell,* 526 U.S. at 330, 119 S.Ct. 1307 ("Whether silence bears upon the determination of a lack of remorse, or upon acceptance of responsibility for purposes of the downward adjustment provided in [ ] the United States Sentencing Guidelines ... we express no view on it."). The Supreme Court of Pennsylvania has implicitly acknowledged as such:

[T]he matter is **REMANDED** for the Superior Court to address Petitioner's argument that the sentence imposed by the trial court violated his Fifth Amendment rights under *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), and *Mitchell v. United States,* 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999).

*Commonwealth v. Olmeda–Rivera,* 595 Pa. 405, 405, 938 A.2d 987, 987 (2007) (per curiam order).[3]

¶ 15 Although we are not bound by any decision of the Supreme Court of New Hampshire, we find its recent analysis of *Mitchell* persuasive. In *State v. Burgess,* 156 N.H. 746, 943 A.2d 727 (2008), the New Hampshire Court undertook an extensive analysis of which federal and state jurisdictions permit a sentencing court to consider when "a defendant's silence after trial may be considered as a failure to accept responsibility or failure to express remorse, and thus indicate that an individual has a reduced potential for rehabilitation," and which jurisdictions "hold that a sentencing court may not consider a defendant's silence at sentencing as indicating a lack of remorse without violating his privilege against self-incrimination." *Id.* at 755–57, 943 A.2d at 734–35. In agreeing with the latter jurisdictions, the *Burgess* Court referenced "the Hobson's choice," that is, "the defendant must admit wrongdoing and jeopardize his post-trial remedies, testify falsely and risk a perjury conviction, or remain silent and risk obtaining a greater sentence." *Id.* at 757, 943 A.2d at 735–36 (quoting *State v. Shreves,* 313 Mont. 252, 60 P.3d 991, 996–97 (2002), and citing *South Dakota v. Neville,* 459 U.S.

---

**3.** Upon remand, a panel of this Court determined that *Mitchell* and *Smith* were inapposite because Appellant testified at the sentencing hearing without invoking his Fifth Amendment privileges. *Commonwealth v.*

*Olmeda–Rivera,* 964 A.2d 945 (Pa.Super.2008) (unpublished memorandum). Appellant has filed a petition for allowance of appeal with our Supreme Court.

553, 563, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983)).

¶ 16 As the *Burgess* Court further observed, acceptance of responsibility is a different concern when the relevant sentencing guidelines allow for a reduction of sentence when the defendant takes responsibility for his actions. *Id.* at 758, 943 A.2d at 736–37. Courts that have considered the "accepting responsibility" factor in the context of the federal sentencing guidelines, therefore, have generally not found a Fifth Amendment violation in cases where a reduction of sentence is denied due to failure to accept responsibility, since the purpose of that section of the federal sentencing guidelines is to encourage guilty pleas. *Id.* at 759, 943 A.2d at 737 (citing *United States v. Frazier*, 971 F.2d 1076, 1084 (4th Cir.1992)). New Hampshire's sentencing scheme, however, gives its trial court's "broad discretion to determine the length of a sentence." *Id.* Because its "trial courts determine which factors favor mitigation or aggravation of a sentence, and, thus, may adjust a sentence within the statutory limits at their discretion," the *Burgess* Court considered it doubtful "that a principled distinction may be drawn between 'enhancing' the punishment imposed upon the [defendant] and denying him the 'leniency' he claims would be appropriate if he had expressed remorse ... since, ultimately, the result is the same: a sentence within the statutory limits for the specified crime." *Id.* (quotation mark omitted) (quoting *Roberts v. United States*, 445 U.S. 552, 557 n. 4, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980)). Accordingly, the *Burgess* Court concluded that denying a defendant leniency based on his silence at sentencing was the equivalent of penalizing him for the same under its sentencing scheme.[4] *Id.* at 759–60, 943 A.2d at 737–38.

¶ 17 Pennsylvania's sentencing scheme is similar to New Hampshire's in that it also gives the trial court broad discretion to determine which factors affect the length of its sentence; in fact, Pennsylvania trial courts have broad discretion to sentence **outside** of the recommended guidelines, so long as the sentence is not "unreasonable" as related to the circumstances of the case. *See Walls*, 592 Pa. at 565, 926 A.2d at 962 (quoting 42 Pa.C.S. § 9781(c)(3)).[5] Although Pennsylvania trial courts are permitted to consider a guilty plea as favorable to a defendant during sentencing, Pennsylvania's sentencing scheme does not encourage guilty pleas by specifically providing for a mitigated sentence when the defendant takes early responsibility for his actions. As such, we determine that Pennsylvania defendants may also be subject to "the Hobson's choice," and cannot reasonably be expected in all situations to take responsibility for a crime they have steadfastly maintained they did not commit.[6] *See Burgess, supra.*

---

**4.** Another key element of the federal guidelines is that such leniency "is not intended to apply to circumstances where a defendant refuses to admit factual guilt [because] a defendant invoking [the relevant section] does not incriminate himself and jeopardize his post-trial rights by admitting wrongdoing." *Id.*

**5.** Meanwhile, an appellate court may not disturb a sentence that is within the sentencing guidelines unless it determines that the sentence is "clearly unreasonable." *See id.* (quoting 42 Pa.C.S. § 9781(c)(2)).

**6.** We also agree with the Supreme Court of New Hampshire, however, that "the Hobson's choice" is not automatically present at sentencing, because some factual circumstances may indicate that expressing remorse would not be a newly incriminatory statement. *See Burgess, supra* at 760–61, 943 A.2d at 738–39 (providing as an example a situation in which the defendant admits to committing the acts,

¶ 18 In the instant case, Appellant invoked his Fifth Amendment privileges at trial and at sentencing. His decision at trial was largely astute, as the jury acquitted him of the most serious crimes. Because he maintained his innocence throughout trial and thereafter, Appellant was faced with "the Hobson's choice" at sentencing: (1) he could jeopardize his appellate claims by admitting to the crimes; (2) he could testify falsely; or (3) he could risk a greater sentence by remaining silent. *See Burgess, supra; Shreves, supra.* The trial court focused for some time on Appellant's failure to take responsibility, specifically referencing the fact that a jury convicted Appellant of the crimes, even though Appellant had the right to remain silent in order to preserve any claims for appeal. We therefore conclude that the trial court improperly cited Appellant's failure to take responsibility for crimes he never admitted to committing.

¶ 19 We are unable to reach such a conclusion regarding the trial court's finding of a failure to show remorse. Similar to the analysis regarding failure to take responsibility, silence at sentencing may not constitute the only factor relied upon to find lack of remorse; to hold otherwise would again constrain defendants to "the Hobson's choice" at sentencing. *See Burgess, supra; Shreves, supra.* However, unlike a finding of failure to take responsibility, which could be based only on the defendant's silence, the trial court may base its findings regarding remorse on other reasons, such as its own observations of the defendant. *See Begley, supra.* In the instant case, the trial court indicated that its sentence was based in some part on Appellant's failure to show remorse. The record is unclear, however, as to how much of a factor Appellant's silence was in the court's finding of lack of remorse. We

need not remand for such a determination, however, because as explained *infra,* we affirm the sentence on other grounds. It suffices, therefore, to hold that silence at sentencing may not form the basis of finding that a defendant failed to take responsibility for his crimes, and that silence at sentencing may not be the sole basis for finding that a defendant lacked remorse.

¶ 20 Despite the trial court's error, Appellant is not automatically entitled to have his sentence vacated. *See Commonwealth v. P.L.S.,* 894 A.2d 120, 133 (Pa.Super.2006) (finding that even if the trial court considered an inappropriate factor at sentencing, "the court offered significant other support for sentencing in excess of the guidelines in this case"), *appeal denied,* 588 Pa. 780, 906 A.2d 542 (2006). The trial court instantly noted several other factors in imposing an aggravated-range sentence, including Appellant's lack of a significant job history and "the great emotional trauma his crimes caused the victim," as well as his recidivist history and violations of probation. Trial Ct. Op. at 4. At the sentencing hearing, the trial court noted:

> [T]hese things have escalated over the years and [ ] there have been assaults on people with deadly weapons. I mean, felony convictions in three different states, most of it dealing with violence and violence against people, no real employment record to speak of, I mean, pretty much nothing. I have a victim who's afraid to walk down the street because she's been terrorized. I take that into consideration as well.
>
> The Defendant's 46 years old, has an 11th grade education, and has made essentially no contributions to society that have been positive in any way. I've read through this entire [pre-sentence

but claims he lacked the requisite mental

state to convict him of the crime).

investigation report] more than once. You know, I know that he's been in several rehabilitation facilities for drugs and alcohol. The use of a gun, knife, chains during some of the prior assaults, I mean, it's—this is riddled with, to me, aggravating circumstances.

Everything I just mentioned and the fact that I believe there will be a subsequent offense here if society is not protected, I think the recommendation of probation is appropriate.[7]

N.T., 4/20/07, at 9. At the hearing on Appellant's motion for reconsideration of sentence, the court re-emphasized the trauma caused to the victim, then added: "I do look at the fact that he has violated probation in the past during the lengthy criminal history. And that they all pretty much involve guns and knives and weapons and violent behavior." N.T., 5/23/07, at 6.

¶ 21 As noted *supra*, this Court's duty on appellate review is to determine whether Appellant's sentence was "clearly unreasonable," despite the terroristic-threats sentence falling within the aggravated range, because it still constituted a sentence within the sentencing guidelines. *See Walls, supra* (quoting 42 Pa.C.S. § 9781(c)(2)). Even excluding Appellant's silence as a factor, the trial court found that the case was "riddled with aggravating circumstances." N.T., 4/20/07, at 9. Importantly, the trial court made this statement after listing several factors that did not involve Appellant's silence. It is apparent that the trial court imposed an individualized sentence, in compliance with *Walls,* and still sentenced Appellant within the sentencing guidelines. Based on the trial court's reliance on these legitimate aggravating factors, we cannot conclude that Appellant's sentence was "clearly unreasonable."

¶ 22 Accordingly, we hold that the trial court erred in relying on Appellant's silence at sentencing to find that he refused to take responsibility for his crimes. We further hold that the trial court could not rely on Appellant's silence at sentencing alone to establish his lack of remorse. However, because the trial court cited numerous other aggravating factors, we affirm the imposition of an aggravated-range sentence for Appellant's conviction of terroristic threats and a standard-range sentence for his conviction of simple assault.

¶ 23 Judgment of sentence affirmed.

¶ 24 Judge SHOGAN concurs in the result.

---

7. It appears the trial court meant that probation is inappropriate, rather than appropriate, since the trial court did not impose a sentence of probation.