J-S39043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DUSTIN WILLIAM SIPES, | : | |
| | : | |
| Appellant | : | No. 1988 MDA 2015 |

Appeal from the Judgment of Sentence September 30, 2015
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001180-2013

BEFORE:   STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JULY 08, 2016**

Dustin William Sipes (Appellant) appeals from the judgment of sentence entered following his conviction for simple assault.  We affirm.

On August 12, 2015, following a jury trial, Appellant was found guilty of the aforementioned offense based on the physical abuse of his former girlfriend's infant son.  He was sentenced to a term of incarceration of 24 months to 60 months.  Appellant filed a post-sentence motion to modify sentence, which was denied.  This appeal followed.

Appellant presents two issues for our consideration:

1. Did the sentencing court abuse its discretion in sentencing [Appellant] when the sentence is outside the sentencing guidelines and is manifestly excessive and unreasonable because the court failed to adequately consider the specific and unique circumstances of the case and [Appellant's] background in relation to the requirements of 42 [Pa.C.]S. § 9721(b) and 42 [Pa.C.]S. § 9781(d)?

---

*Retired Senior Judges assigned to the Superior Court.

2. Did the sentencing court abuse its discretion in sentencing [Appellant] when it placed substantial consideration on impermissible or inappropriate factors including [Appellant's] lack of remorse and failure to take responsibility for a crime he maintained he did not commit and the age of the victim, which was already accounted for in the grading of the offense?

Appellant's Brief at 4-5 (suggested answers and emphasis omitted).

Appellant's issues challenge the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted) (quoting ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

Instantly, Appellant timely filed a notice of appeal, presented his claim in a post-sentence motion, and included a statement pursuant to Rule 2119(f) in his brief. Thus, we now consider whether he has raised a substantial question worthy of appellate review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin*, 65 A.3d at 935 (citation and internal quotation marks omitted).

In his Rule 2119(f) statement, Appellant argues that his sentence was manifestly excessive and unreasonable because it

> was 400 percent greater than the top end of the aggravated guideline range. In sentencing [Appellant], the court failed to adequately consider factors including the jury's verdict acquitting [him] of the offense of aggravated assault, the characteristics of [Appellant] showing that he is a peaceful and law-abiding individual, the findings and recommendation of the pre-sentence report, and testimony regarding the impact on the victim, particularly as these factors relate to the considerations required by 42 [Pa.C.]S. § 9721(b) and 42 [Pa.C.]S. § 9781(d). Instead, the court focused almost solely on the age and number of injuries of the victim. The facts and circumstances noted by the sentencing court do not justify such an extreme departure from the guidelines. …
>
> Additionally, the sentencing court abused its discretion by relying significantly on impermissible or inappropriate factors in imposing an excessive sentence when it considered [Appellant's] alleged lack of remorse and failure to accept responsibility as a basis for its determination of sentence and when it relied primarily on the victim's age for determining sentence despite the age of the victim already being considered by the grading of the offense.

Appellant's Brief at 12-13.

To the extent Appellant argues that the sentencing court failed to consider adequately mitigating factors or challenges the weight given to certain factors, he has failed to raise a substantial question for our review. ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (quoting ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010)); ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").[1]

To the extent Appellant argues that the sentencing court failed to state adequate reasons on the record and considered impermissible factors in imposing sentence, such claims do raise a substantial question. ***See Commonwealth v. Galletta***, 864 A.2d 532, 534 (Pa. Super. 2004) (concluding that claim "that the trial court 'failed to state on the record adequate reasons for imposing a sentence in excess of the aggravated

---

[1] Moreover, the sentencing court had the benefit of a pre-sentence investigation report (PSI). "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" ***Griffin***, 65 A.3d at 937 (quoting ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988)).

range' as set forth in the sentencing guidelines" raises a substantial question); **Commonwealth v. Crork**, 966 A.2d 585, 590 (Pa. Super. 2009) ("This Court has recognized that a claim that a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question."). Thus, we address the merits of Appellant's latter claims.

> If this Court grants appeal and reviews the sentence, the standard of review is clear: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment. …
>
> When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.[] § 9781(c)(3). In making a reasonableness determination, a court should consider four factors:
>
> > (1)  The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2)  The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3)  The findings upon which the sentence was based.
> >
> > (4)  The guidelines promulgated by the commission.
>
> 42 Pa.C.S.[] § 9781(d). A sentence may be found unreasonable if it fails to properly account for these four

- 5 -

statutory factors. A sentence may also be found unreasonable if the "sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.[] § 9721(b).

*Crork*, 966 A.2d at 590-91 (some citations omitted).

At the sentencing hearing, the court provided the following reasons for Appellant's sentence:

All right. Well, certainly, I did preside over the trial in this case and heard the evidence in detail. I spent considerable time reviewing my notes of the testimony, so that it would be fresh in my mind today, so that I could impose sentence thoughtfully and carefully.

Certainly the jury found [Appellant] guilty of simple assault, a misdemeanor of the first degree. And … the grading [of a] misdemeanor of the first degree certainly does take into consideration the fact that this was a child. The statute discusses a child less than twelve. Certainly, in this case, we have an infant, very different than a child less than twelve, potentially.

What I also recall was Dr. Crowell's testimony regarding the level of force necessary in order to inflict the 18 or 19 broken bones in the arm fractures, leg fractures, rib fractures.

I recall the testimony of Trooper [C]achara and Trooper Rush detailing the statements given by [Appellant] repeatedly accepting responsibility for causing harm to [the victim] in various ways.

I recall testimony regarding biting in order to hold the child still.

I recall the taped statements that were played for the jury's consideration.

I recall that [Appellant] was placed in a level of trust and had a role of caretaker.

I recall that these injuries were alleged to have occurred over a span of dates, not just on one occasion.

I also recall [Appellant's] testimony contesting that he was, in fact, responsible for these injuries and providing his reasoning, which I didn't find to be credible.

Now, I'll contrast that evidence with what I reviewed in the pre-sentence report about [Appellant]. Multiple letters of reference from individuals that have known [Appellant] over the span of his life. A prior record score of zero. No criminal history. He was only 21 years old at the time of this offense, a relatively young man. He's certainly still a young man.

So given all of that information that the court has to weigh, certainly the sentence guidelines calling for a standard range of RS or restorative sanctions to three months, an aggravated range of six months, I have concluded that a sentence of 24 months to 60 months in the state correctional institution is appropriate in this case.

There's no remorse. There's no acceptance of responsibility, which I know comes hand-in-hand with your denial of responsibility for this case, and you've asserted that you're innocent. The jury found otherwise, and I found the evidence to be credible and overwhelming in this case.

You've demonstrated to me a complete lack of disregard [*sic*] for [the victim's] care and well-being, and you violated the trust that was placed in you in caring for this little boy.

The extreme pain that this child must have suffered over the course of months that these injuries were inflicted is unconscionable to me, and I believe all of these things justify a

sentence not only in excess of the aggravated range, but clearly outside of the guidelines.

I know I will have to justify this sentence again, and I 'm prepared to do so. I believe it is appropriate.

***

I failed to mention, and I should have, I have also considered the success that you've had complying with pre-trial supervision and I take that into account.

I have no concern that you'll be successful with respect to following the terms and conditions of your sentence. But in order to address the needs of the victim, the needs of the community, and your needs, the sentence is appropriate.

N.T., 9/30/2015, at 11-15 (unnecessary capitalization omitted).

Appellant claims that the sentencing court improperly considered his lack of remorse and failure to accept responsibility as significant factors in imposing sentence, relying upon *Commonwealth v. Bowen*, 975 A.2d 1120 (Pa. Super. 2009). Therein, Bowen chose to remain silent at trial and during sentencing. *Id.* at 1121. In justifying its aggravated-range sentence, the trial court cited, *inter alia*, Bowen's failure to show remorse for his crimes or to take responsibility for them, even after the jury's verdict. *Id.* at 1121-1122. On appeal, this Court observed that "it is undoubtedly appropriate for a trial court to consider a defendant's lack of remorse as a factor at sentencing, provided that it is specifically considered in relation to protection of the public, the gravity of the offense, and the defendant's rehabilitative needs." *Id.* at 1125. Nevertheless, it held that "a court may

not consider a defendant's silence at sentencing as indicative of his failure to take responsibility for the crimes of which he was convicted" and "silence at sentencing may not be the sole factor in determining a defendant's lack of remorse." *Id.* at 1121, 1127.

Here, unlike Bowen, Appellant allocuted at sentencing:

> All that I would say is if I had done this, I would be remorseful about it. I'm sorry that all the injuries that happened [*sic*] to him.

> Also I do have one semester of college to finish, which I'm so close to getting that done. All I have to do is enroll or re-enroll, and it's only about four or five classes to take. And I'd like to continue my career of what I've been studying, I already completed three-and-a-half years.

N.T.,9/30/2015, at 7-8.

Additionally, Appellant testified at trial, over which the sentencing court also presided. Thus, the court did not rely on Appellant's silence to determine that he lacked remorse and failed to take responsibility for his crimes. A review of the court's comments at sentencing indicate that, after observing Appellant at trial and sentencing, it considered his lack of remorse and failure to accept responsibility "in relation to protection of the public, the gravity of the offense, and [his] rehabilitative needs." *Bowen*, 975 A.2d at 1125. Moreover, the sentencing court considered numerous other factors in imposing sentence, such as the nature an circumstances of the offense, the age of the victim, and Appellant's role as caretaker for the child. Thus, we

discern no abuse of discretion on this basis. ***See Bowen***, 975 A.2d at 1127-28 (concluding that, because the trial court relied upon several other legitimate aggravating factors in imposing sentencing, Bowen was not entitled to relief on his discretionary-aspects-of-sentence claim).

We now turn to Appellant's contention that the sentencing court improperly relied on the victim's age as a significant factor in imposing sentence. Appellant argues that, "while the specific age of a victim is a factor that may be considered by a sentencing court, the grading of this offense as a first degree misdemeanor is already based on the victim's age and contemplates increased penalty at sentencing," as "[t]he offense of simple assault becomes a first degree misdemeanor when the victim is less than twelve years of age." Appellant's Brief at 21-22.

In ***Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007), Walls pled guilty to rape of a victim less than thirteen years old, involuntary deviate sexual intercourse ("IDSI") with a victim less than thirteen years old, and incest based upon the repeated sexual abuse of his seven-year-old granddaughter. ***Id.*** at 959. Walls received the statutory maximum for the rape and IDSI convictions. ***Id.*** at 960. One of the reasons cited by the sentencing court for Walls's sentence included "the tender and young age of the victim." ***Id.*** In vacating Walls's judgment of sentence, this Court reasoned that the tender age of the victim did not justify the imposition of

the maximum sentence permitted by law, as "the crime itself made a distinction with respect to certain classes of victims, such as minors and the elderly, and thus, the sentencing guidelines reflect the Crimes Code's provision of greater punishment of certain crimes committed against certain victims." *Id.* at 960-61. Our Supreme Court, however, disagreed:

> Contrary to the Superior Court, we find that the sentencing court was permitted to rely on [*inter alia*, the victim's age] to justify Walls' sentence. As noted by the Commonwealth and the Superior Court, the precise age of the victim, *i.e.*, the fact that the victim was only seven-years-old at the time of the sexual abuse, was not an element of rape or IDSI of a victim less than thirteen years old and could justify an above-guideline sentence. While the Superior Court found that this factor could not justify the sentence in this case, in light of the deferential standard of review, we disagree. Additionally, we agree with the Commonwealth that Walls has offered no legitimate basis to presume that these factors, the victim being entrusted to Walls' care and was his granddaughter, are subsumed within the sentencing guidelines. Thus, we conclude that the findings upon which Walls' sentence was based were legally permissible.

*Id.* at 967.

With respect to the offense at issue herein, the Crimes Code provides that "[s]imple assault is a misdemeanor of the second degree unless committed[] against a child under 12 years of age by a person 18 years of age or older, in which case it is a misdemeanor of the first degree." 18 Pa.C.S. § 2701(b)(2). In sentencing Appellant, the court understood that "the grading misdemeanor of the first degree certainly does take into consideration the fact that this was a child. The statute discusses a child

less than twelve." N.T., 9/30/2015, at 11. However, the court went on to note that "in this case, we have an infant, very different than a child less than twelve, potentially." *Id.* As the trial court was permitted to consider the victim's infancy in imposing sentence, Appellant is not entitled to relief.[2]

Appellant has failed to demonstrate that the trial court abused its discretion in imposing sentence. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

---

[2] To the extent Appellant presents any argument with respect to the trial court's failure to state adequate reasons for its sentence, he only does so in the context of his challenge to the trial court's inadequate consideration of mitigating factors and weighing of other factors. *See* Appellant's Brief at 15 ("Upon appropriate consideration of the guidelines and these factors, it is evident that a sentence of 24-60 months [of] incarceration is not consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant, and the court did not state sufficient reasons for exceeding the sentencing guidelines in relation to these considerations. Instead, the court focused almost solely on the age and number of injuries to the victim."). As demonstrated above, the record belies Appellant's bald claim; the court thoroughly stated its reasons and explained why it deemed Appellant's sentence appropriate under the circumstances. *See* N.T., 9/30/2015, at 11-15.