J-S30032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANGELA M. DIAZ :
:
Appellant : No. 151 MDA 2021

Appeal from the Judgment of Sentence Entered December 9, 2020
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0005090-2017

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED: FEBRUARY 17, 2022**

Angela M. Diaz appeals from the judgment of sentence entered following an open guilty plea wherein she pleaded guilty to one count of third-degree murder. **See** 18 Pa.C.S.A. § 2502(c). For that offense, Diaz received fifteen to thirty years of incarceration. On appeal, Diaz solely challenges the discretionary aspects of her sentence. As we see no basis to disturb her sentence, we therefore affirm.

By way of background, the victim, a two-year-old female, died while under the exclusive care of Diaz. As would later be determined, death stemmed from the combination of a severe head injury as well as repeated physical abuse. While Diaz originally claimed that the victim had fallen off of a bed and hit her head, medical evidence refuted this assertion. In fact,

_____

[*] Retired Senior Judge assigned to the Superior Court.

beyond the head injury, a post-mortem examination would uncover injuries to the victim's cheeks, ears, neck, abdomen, back, and buttocks, which served to suggest, if not confirm, repeated physical abuse. The victim also appeared to have suffered from nutritional neglect.

Ultimately, Diaz pleaded guilty to third-degree murder. At sentencing, having been apprised of, *inter alia*, Diaz's pre-sentence investigation ("PSI") report, the court imposed the aforementioned fifteen to thirty years of incarceration. After sentencing, Diaz filed a timely post-sentence motion, which was subsequently denied. Thereafter, Diaz filed a timely notice of appeal. The relevant parties have complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925, and accordingly, this appeal is ripe for review.

On appeal, Diaz presents one issue:

1. Was the sentence of fifteen to thirty years of incarceration manifestly excessive and contrary to the fundamental norms underlying the sentencing process?

*See* Appellant's Brief, at 7.

The gravamen of Diaz's argument is that her "sentence, which is more than twice the bottom range of the standard range, is excessive." *Id*., at 9. She continues by contending that "[t]here were no aggravating factors in this case, and the [c]ourt failed to properly consider the numerous mitigating factors, instead primarily focusing [on] the factors related to the offense, which are already factored into the standard range." *Id*.

- 2 -

Preliminarily, we note that as Diaz is contesting the discretionary aspects of her sentence, such a challenge is not appealable as of right. *See* 42 Pa.C.S.A. § 9781(b). Instead,

> an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Commonwealth v. Akhmedov*, 216 A.3d 307, 328 (Pa. Super. 2019) (citation omitted). Following satisfaction of all four elements, this Court then reviews the underlying discretionary aspects of sentencing issue, pursuant to an abuse of discretion standard. *See id*., at 328-29.

In the present matter, Diaz adhered to the first three prongs by filing a timely notice of appeal, filing a post-sentence motion seeking a modification of her sentence, and including within her brief a statement pursuant to Rule 2119(f). *See* Appellant's Brief, at 10-11. As such, we review her 2119(f) statement to see whether she has presented a substantial question that serves to illuminate an incongruency between the sentence she received and the Sentencing Code as written.

To ascertain whether a substantial question has been raised, an appellant must set "forth a plausible argument that the sentence violated a provision of the [S]entencing [C]ode or is contrary to the fundamental norms

- 3 -

of the sentencing process." ***Commonwealth v. Naranjo***, 53 A.3d 66, 72 (Pa. Super. 2012) (citations and quotations omitted). Specifically, an appellant must demonstrate: (1) where his or her sentence falls in conjunction with the Sentencing Guidelines; (2) the Sentencing Code provision that has been violated; (3) the fundamental norm that the sentence ran afoul of; and (4) the way the sentence violated that norm. ***See id***.

First, Diaz points to 42 Pa.C.S.A. § 9721 and 42 Pa.C.S.A. § 9725 to establish the factors a court must consider at sentencing. As to the former section, it requires a court to consider, *inter alia*, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The latter section, which deals specifically with total confinement, obligates the court to impose such a sentence if, after considering the "nature and circumstances of the crime and the history, character, and condition of the defendant," 42 Pa.C.S.A. § 9725, it determines that correctional treatment would most effectively assist that individual or that a lesser sentence would diminish the seriousness of that individual's crime. ***See id***., at § 9725(2)-(3).

Second, and more saliently, Diaz contends that "the court failed to consider the mitigating circumstances during sentencing," Appellant's Brief, at 11, in the context of her sentence amounting to "twice bottom of the standard range." ***Id***. Although Diaz's support for this averment is terse and the connection between her sentence and the Sentencing Code requires a

generous reading of her brief, we conclude that she has raised a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (concluding that an excessive-sentence claim in tandem with an argument that the sentencing court failed to consider mitigating factors is sufficient to demonstrate a substantial question).

As a substantial question has been presented, we consequently employ our well-settled standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

Diaz submits that there are several reasons militating in favor of finding that the lower court abused its discretion in sentencing. She states that third-degree murder has a maximum sentence of forty years, but a standard range of seven to twenty years. *See* Appellant's Brief, at 15. She goes on to claim that the court focused predominately on the facts of the offense itself, which intrinsically had already been factored into a standard-range sentence pursuant to the Sentencing Guidelines.

Moreover, Diaz states that there "were no aggravating factors in this

case," *id*., but, conversely, there were mitigating factors present. Diaz emphasizes her remorse, demonstrated via citations to the record, wherein she repeatedly apologized to the victim's family and to the court. Diaz also stresses that she has been involved in numerous rehabilitative programs and courses while in prison, such as drug dependency and recovery groups. *See id*., at 16-17.

Given the ordination of Diaz's brief, we have already outlined the requisite sentencing considerations, *supra*. Weight of those factors is "exclusively for the sentencing court, and an appellate court [cannot] substitute its own weighing of those factors." *Commonwealth v. Bowen*, 975 A.2d 1120, 1123 (Pa. Super. 2009). As Diaz's sentence fell within the Sentencing Guidelines, we are cognizant that "[t]he primary consideration[s] … [are] whether the court imposed an individualized sentence[] and whether the sentence was nonetheless … clearly unreasonable[.]" *Id*., at 1124. However, "[a] sentencing judge's discretion must be accorded great weight as he is in the best position to weigh various factors such as the nature of the crime, the defendant's character, and the defendant's displays of remorse, defiance, or indifference." *Commonwealth v. Fries*, 523 A.2d 1134, 1135 (Pa. Super. 1987).

> Our Supreme Court has determined that where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the

record by indicating that he or she has been informed by the PSI; thus[,] properly considering and weighing all relevant factors.

***Commonwealth v. Edwards***, 194 A.3d 625, 637-38 (Pa. Super. 2018) (citations omitted) (formatting altered).

Turning to the present matter, in its opinion, the court states:

A review of the record clearly demonstrates a meaningful consideration of the appropriate and relevant sentencing factors, including the PSI [report], [Diaz's] age, maturity, intelligence, and work history. The PSI [report] included information about the various Lancaster County Prison programs that [Diaz] completed during her incarceration which were highlighted at the sentencing hearing. The [c]ourt also considered the fact that [Diaz] did not have any prior criminal convictions. The sentence that was ultimately constructed fell directly within the standard guidelines.

The [c]ourt would also note some factors that were relevant to its decision which were included in the pre-sentence records but did not address at length on the record. It was apparent to the [c]ourt that [Diaz] showed zero remorse for her violent actions at any point until the sentencing hearing. . . .

Trial Court Opinion, 2/23/21, at 3-4 (citations to the record omitted).

We conclude that the trial court's conclusions are supported by the record. The court considered Diaz's PSI report as well as the Sentencing Guidelines. ***See*** Sentencing Hearing, 12/9/20, at 35. The court further remarked on Diaz's age, educational level, work history, lack of criminal record, reports from the prison indicating her completion of classes, her apologetic letter to the victim's family and court, her behavior while in prison, the positive things Diaz has done with her life, her health and dependency issues, and the specific facts surrounding her criminality. ***See id***., at 34-38. The court concluded its statement by indicating that incarceration was

warranted because "a lesser sentence would depreciate the seriousness of the crime, the act that was perpetrated on this two-year-old girl." *Id*., at 38. The court then imposed a sentence within the standard range of the Sentencing Guidelines.

Although, as Diaz points out, there were mitigating factors present in this case, the court clearly recognized them at sentencing. We perceive no problem in the court's juxtaposition of those mitigating factors against the backdrop of the specific facts leading to the third-degree murder, i.e., the gravity of the offense, as well as the court's desire to protect the public at large, all of which were discussed at length. Accordingly, the court's ultimate determination that a standard-range sentence was necessary was not an abuse of discretion, and we affirm Diaz's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2022