J-A27043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW SOJKA | : | |
| | : | |
| Appellant | : | No. 859 EDA 2021 |

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006276-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW SOJKA | : | |
| | : | |
| Appellant | : | No. 860 EDA 2021 |

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006237-2019

BEFORE: PANELLA, P.J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 07, 2022**

Appellant, Andrew Sojka, appeals from the January 25, 2021 Judgment

of Sentence[1] entered in the Bucks County Court of Common Pleas following

---

[1] Appellant purports to appeal from the Order denying his Post-Sentence
Motion; however, the Appeal properly lies from the Judgment of Sentence.
***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super.
2001) (*en banc*) ("In a criminal action, appeal properly lies from the judgment
of sentence made final by denial of post-sentence motions."). We have
amended the caption accordingly.

his open guilty plea to three counts of Recklessly Endangering Another person; two counts each of Strangulation, Simple Assault, and Harassment; and one count each of Endangering the Welfare of a Child, Unauthorized Use of an Automobile, Theft by Unlawful Taking, and Unlawful Restraint.[2] Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

We glean the following facts and procedural history from the sentencing court opinion and the certified record. On May 18, 2019, Christine Ball, Appellant's then-girlfriend, discovered heroin and related paraphernalia in a kitchen cabinet. When she confronted Appellant about the materials, he grabbed her, strangled her, and slammed her head against the refrigerator, all in the presence of the couple's one-year-old child. When Ball tried to call the police, Appellant grabbed her cell phone and threw it to the ground. He then fled the residence in Ball's car before law enforcement officers from the Falls Township Police Department arrived at the house.

On October 27, 2019, Ball again discovered drug paraphernalia and asked Appellant to leave the house. In response, Appellant, who was holding their one-year-old son in his arms, threw a bowl of soup at Ball. When she attempted to flee, Appellant grabbed her by the neck and threw her onto a couch, where he continued to strangle her while holding her down. When she finally escaped from his grasp, Appellant took her cell phone so that she could

_____

[2] 18 Pa.C.S. §§ 2705, 2718(a)(1), 2701(a)(1), 2709(a)(1), 4304(a)(1), 3928(a), 3921(a), and 2902(a)(1), respectively.

not call the police. Ball eventually fled to the house of a neighbor, who called the police.

The Commonwealth charged Appellant with the above crimes under two separate dockets. On August 6, 2020, Appellant entered an open guilty plea to all charges in a consolidated hearing. After conducting a plea colloquy, the plea court deferred sentencing and ordered a pre-sentence investigation ("PSI").

On January 25, 2021, the court held a sentencing hearing at which Ball, Appellant, Appellant's mother, and Appellant's uncle testified. At the conclusion of the hearing, the court sentenced Appellant to consecutive terms of incarceration of 12-24 months for each of the two Strangulation charges, 12-36 months for the Endangering Welfare of a Child charge, 6-12 months for the Unauthorized Use of an Automobile charge, 3-12 months for the Theft by Unlawful Taking charge, and 3-12 months for one of the Recklessly Endangering Another Person charges. The court imposed no additional penalty for the remaining charges. All of these sentences fell within the standard range of the sentencing guidelines. The aggregate term of Appellant's sentence was 4-10 years' imprisonment.

On February 4, 2021, Appellant filed a post-sentence Motion for Reconsideration, which the sentencing court denied at the conclusion of a

hearing on March 16, 2021. This timely appeal followed. Both Appellant and the sentencing court complied with Pa.R.A.P. 1925.[3]

Appellant presents the following issue for our review:

> Did the [sentencing] court abuse its discretion in sentencing Appellant by imposing manifestly excessive sentences, failing to consider all relevant factors, and failing to adequately state the reasons relied upon for imposing said sentence?

Appellant's Br. at 4 (unnecessary capitalization omitted).

Specifically, Appellant argues that the sentencing court imposed an excessive aggregate sentence without considering his rehabilitative needs.

Appellant challenges the discretionary aspects of his sentence, which this Court must consider as a petition for permission to appeal. *Commonwealth v. Roberts*, 133 A.3d 759, 774 (Pa. Super. 2016). An appellant bringing a challenge to the discretionary aspects of sentencing must invoke this Court's jurisdiction by (1) preserving the issue in the court below by raising it at the time of sentencing or in a post-sentence motion; (2) filing a timely notice of appeal; (3) including a Pa.R.A.P. 2119(f) Statement in the appellate brief; and (4) raising a substantial question for our review. *Commonwealth v. Tejada*, 107 A.3d 788, 797-98 (Pa. Super. 2015).

In the instant case, Appellant preserved the issue in the court below by filing a post-sentence motion, filed a timely notice of appeal, and included a statement in his brief titled "Concise statement of reasons relied on in support

---

[3] Appellant filed separate Notices of Appeal and Rule 1925(b) Statements at both dockets. This Court *sua sponte* consolidated the appeals on June 6, 2021.

of appeal" citing Pa.R.A.P. 2119(f). **See** Appellant's Br. at 11-12.[4] Thus, we consider whether Appellant has presented a substantial question for our review.

A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code, or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted). We evaluate whether an appellant raises a substantial question on a case-by-case basis. ***Id.***

The Sentencing Code requires a sentencing court to consider, when determining a sentence, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" along with the sentencing guidelines. 42 Pa.C.S. § 9721(b). It likewise requires a sentencing court to "make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.***

---

[4] The Commonwealth objects that Appellant's Pa.R.A.P. 2119(f) statement is formally deficient because he included it as an initial subsection of his argument section, rather than in a separate section immediately preceding his argument. Commonwealth's Brief at 10, n.1. While Rule 2119(f) does call for the statement to be included in a "separate section," Appellant substantially complied with the rule by including his statement as the first subsection of his argument section. Thus, we decline to find waiver on this basis.

"[A] sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). A claim that a sentencing court's decision to impose consecutive sentences resulted in an aggregate term of sentence that was manifestly excessive, however, "in conjunction with an assertion that the court failed to consider mitigating factors," does raise a substantial question. *Commonwealth v. Horning*, 193 A.3d 411, 418 (Pa. Super. 2018) (citation and brackets omitted)*, see also Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (Appellant raised a substantial question in claim that that sentencing court failed to consider rehabilitative needs before imposing consecutive sentences, resulting in an excessive aggregate sentence).

Appellant argues that his aggregate sentence was manifestly excessive because the sentencing court failed to consider his rehabilitative needs when imposing a term of consecutive, standard range sentences. This presents a substantial question for our review, and so we turn to the merits of his claim.

When reviewing a challenge to the discretionary aspects of a sentence, we will not disturb a sentence absent a manifest abuse of discretion. *Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007). A sentencing court abuses its discretion not through a mere error in judgment. *Id.* "Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for

reasons of impartiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* (citation omitted). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Moury*, 992 A.2d at 170 (citation omitted)

The Sentencing Code requires the court to consider certain factors, including a defendant's rehabilitative needs, when determining a sentence. 42 Pa.C.S. § 9721(b).[5] It must also "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* The weighing of these factors, however, is "exclusively for the sentencing court," and an appellate court cannot substitute its own judgment for the sentencing court's on appeal. *Commonwealth v. Bowen*, 975 A.2d 1120, 1123–24 (Pa. Super. 2009) (citation omitted).

"Long standing precedent recognizes that the Sentencing Code affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Brown*, 249 A.3d 1206, 1212 (Pa. Super. 2021) (citation and alterations omitted). When imposing a

---

[5] The statute also requires the sentencing court to consider the protection of the public, the gravity of the offense in relation to its impact on the victim and community, and the sentencing guidelines. 42 Pa.C.S. § 9721(b).

series of consecutive sentences, a sentencing court need not separately explain its reasoning for each sentence, or directly address its decision to have the sentences run consecutively. This Court has frequently held that a court satisfies its obligations under the Sentencing Code when it sets forth its general reasoning and consideration of the Section 9721(b) sentencing factors before imposing several consecutive sentences. *See, e.g., id.* at 1217 (affirming sentence where "trial court fashioned an individualized sentence [by] taking into account all of the statutory factors" before announcing series of consecutive sentences), *Horning*, 193 A.3d at 419 (affirming sentence where "sentencing transcript reflects the trial court's consideration of the [statutory] sentencing standards" before announcing series of consecutive sentences).

In the instant case, the sentencing court noted in its Rule 1925(a) Opinion that it considered all the required statutory factors, including Appellant's potential for rehabilitation, as well as the comprehensive PSI report, in determining Appellant's sentence. Trial Ct. Op., 8/6/21, at 9. The court also recounted the lengthy statement it made at the sentencing hearing explaining its reasoning in rendering its sentence, including the nature of Appellant's crimes, their impact on his victims, the needs of the community, and Appellant's rehabilitative needs and other mitigating factors. *Id.* at 10-11.

Our review of the record confirms that the sentencing court considered the relevant statutory factors in crafting its sentence, including Appellant's

rehabilitative needs. *See* N.T. Sentencing, 1/25/21, at 52-59. At the sentencing hearing, Appellant exercised his right to allocution and discussed his desire for rehabilitation. Appellant's uncle, Gary Mannuzza, likewise testified to Appellant's history of addiction and his needs for rehabilitation.

At the conclusion of the hearing, the court acknowledged its review of the PSI report and articulated, at length, its reasons for imposing the sentence at the time of sentencing. *See id.* at 52-56. With regard to Appellant's rehabilitative needs, the court specifically stated that it "hope[d]" that "rehabilitation [was] possible," and noted that it crafted Appellant's sentence with the intention that its length and placement in a state facility would allow Appellant to take part in "a great amount of treatment," including "mental health programs, anger management, domestic violence, [and] decision-making classes" while incarcerated. *Id.* at 53, 56. The court further noted that it "would urge the State to place to place [Appellant] into the appropriate facility where [he] can get mental health treatment and drug and alcohol treatment so [he] can become a healthy productive citizen." *Id.* at 59. At the conclusion of this colloquy, the court explained that it "based" its aggregate sentence "upon all the above factors and considerations" before announcing a series of consecutive sentences for Appellant's various convictions. *Id.* at 56.

The record demonstrates that the sentencing court considered the sentencing factors set forth in Section 9721(b), including Appellant's rehabilitative needs, when determining his sentence. Thus, Appellant's claim that the sentencing court abused its discretion by failing to do so lacks merit.

In his brief, Appellant concedes that "the trial court mention[ed] the rehabilitative needs of Appellant," but argues that the court nonetheless "failed to reason how the aggregate sentence imposed meets the rehabilitative needs of Appellant[, and] fails to adequately state the weight given to these factors on the record in determining the sentences imposed." Appellant's Br. at 18-19.

This argument is without merit. The Sentencing Code requires a sentencing court to consider all of the statutory sentencing factors, but the sentencing court retains the discretion to weigh those factors as it sees fit. As such, Appellant's argument that the sentencing court did not give adequate weight to his rehabilitative needs must fail.

Judgment of Sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/7/2022*