J-S15011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| COLEY ROBINSON | |
| Appellant | No. 1397 EDA 2015 |

Appeal from the Judgment of Sentence December 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0000621-2013
CP-51-CR-0014500-2012
CP-51-CR-0014501-2012

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                      **FILED JUNE 23, 2017**

Coley Robinson appeals from the aggregate judgment of sentence of fourteen to twenty-eight years incarceration[1] imposed following his guilty plea at three criminal cases.  The sole claim on appeal pertains to the discretionary aspects of Appellant's sentence.  We affirm.

_____

[1] The Commonwealth notes that there is a discrepancy between the sentence announced at the sentencing hearing, which was fourteen to twenty-eight years imprisonment, and the sentence imposed via written order, which states that Appellant's aggregate sentence is twenty and one-half to forty-two years in jail.  Appellant has not asked us to resolve this conflict, and we observe that he remains free to seek a correction of the order in as much as it conflicts with the actual sentence imposed.  ***See e.g. Commonwealth v. Holmes***, 933 A.2d 57 (Pa. 2007).

The instant sentence was imposed after Appellant tendered guilty pleas at three criminal cases with no agreement to sentence. We briefly review the facts of each case.

On August 19, 2012, Philadelphia Police officers were dispatched for reports of gunfire. Police officers observed Appellant enter a vehicle with multiple bullet holes. Appellant was detained and a search of the vehicle yielded a loaded firearm. At case number 2013-621, Appellant pleaded guilty to carrying a firearm without a license and carrying a firearm in public in Philadelphia.

On September 25, 2012, Appellant announced to a group of three males that they were being robbed. He pointed a gun at all three men and demanded money. Two of the men, Ron Rojas and Christian Navarro, gave Appellant some cash. The third victim, Isiah Durham, who was deaf, hesitated, and Appellant shot him in the stomach. Mr. Durham survived, but was taken to the hospital in critical condition. Appellant fled the scene, and was not apprehended until October 12, 2012.

Appellant was thereafter charged with twenty counts at case number 2012-14500. He entered a guilty plea to the following charges: three counts of robbery, one for each victim; aggravated assault for shooting Mr. Durham; simple assault; carrying a firearm without a license; carrying a firearm in Philadelphia; and possessing an instrument of crime. The remaining charges were *nolle prossed*.

On October 12, 2012, police officers investigated Appellant's vehicle, and discovered a firearm along with multiple packets of crack cocaine. At criminal case 2012-14501, he pleaded guilty to carrying a firearm without a license, carrying a firearm in Philadelphia, and one count of possession of a controlled substance.

On December 19, 2014, Appellant appeared for sentencing on all three cases. He received an identical sentence of two to four years incarceration at case numbers 2012-14501 and 2013-621, imposed concurrently to the sentence imposed at case number 2012-14500.

We now review the sentence imposed at 2012-14500, as there is a discrepancy between the oral calculation and the written order of sentence. We first set forth the trial court's oral statements:

> THE COURT: . . . As to the aggravated assault in this matter . . . I follow the Commonwealth's recommendation of 17 – sorry seven to 15 years of incarceration, pertaining to Isiah Durham. As to the robbery of Ron Rojas and Christian Navarro, I am sentencing two to five years of incarceration. Each [of] these sentences will run consecutive sorry – two and a half to five. On the VUFA charge, I will sentence two to four years also consecutive. The VUFA charges on the other firearms cases will be two to four concurrent.
>
> The other charges, the simple assault firearm, PIC, will be no further penalty.
>
> MR. FISHMAN: Just so I'm clear, Your Honor, in advising my client. **Is the aggregate sentence of the court fourteen to twenty-nine years?**
>
> THE COURT: Let me add it up. Yes.

MR. FISHMAN:  Credit for time served.

THE COURT:  **It's 14 to 28**.  Credit for time served.

N.T. Sentencing, 12/19/14, at 49 (emphases added).  We note that the aggregate sentence was correctly calculated by Appellant as fourteen to twenty-nine years, as the court orally imposed a sentence of seven to fifteen years of incarceration at the aggravated assault count.  Nevertheless, the trial court then amended its aggregate sentence to fourteen to twenty-eight years, and, as noted *supra*, ultimately imposed an aggregate sentence of twenty and one-half to forty-two years in jail notwithstanding its stated intent to impose an aggregate sentence of fourteen to twenty-eight years.  Appellant has continuously relied upon the trial court's oral calculation.  "The aggregate sentence of fourteen (14) to twenty-eight (28) years . . . [was] unduly harsh[.]"  Appellant's brief at 10.

Following sentencing, Appellant filed a post-sentence motion, and the post-sentence motion was denied by operation of law.  Appellant then filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, again relying on the trial court's oral statements, arguing that the trial court erred in denying his post-sentence motions "as it relates to the sentence imposed . . . of fourteen (14) to twenty-eight (28) years[.]"  Concise Statement, 2/17/16, at 1.  The trial court issued its opinion in response, and

the matter is now ready for our review. Appellant raises one issue for our review.

> Did the trial court err in denying post-sentence motions as it relates to the sentence imposed by imposing an excessive and manifestly unreasonable aggregate sentence of fourteen (14) to twenty-eight (28) years, where said sentence was based on factors already accounted for in the prior record score, the offense gravity score, the mitigation provided at the sentencing hearing and failing to provide reasons justifying its manifestly unreasonable aggregate sentence on the record at the time of sentencing?

Appellant's brief at 4.

Appellant's sole claim concerns the discretionary aspects of sentencing. When reviewing a criminal sentence, we apply the following standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014) (citing ***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa.Super. 2007)). However, the right to appeal the discretionary aspects of a sentence is not absolute. We determine whether Appellant has invoked this Court's jurisdiction by examining the following four criteria:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa.Super. 2016) (citing *Commonwealth v. Samuel*, 102 A.3d 1001, 1006–07 (Pa.Super. 2014)).

Appellant's appeal was timely filed and he preserved his claims in the post-sentence motion to reconsider the sentence. Additionally, Appellant's brief complies with Pa.R.A.P. 2119(f). He presents two separate substantial questions. First, he raises a global sentencing challenge, arguing that the sentencing court failed to conduct an individualized consideration of Appellant's rehabilitative needs and mitigating circumstances, and instead imposed the sentence solely on the seriousness of the crime and the fact that the shot victim was deaf. We find that this claim raises a substantial question, as "an averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." *Commonwealth v. Macias*, 968 A.2d 773 (Pa.Super. 2009) (citation omitted). Additionally, he separately contends that the sentence is manifestly excessive for the same reason, *i.e.*, the court failed to consider mitigating factors in imposing the aggregate sentence, as the guidelines already accounted for the seriousness of the offenses. We find that both claims present a substantial question. *Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa.Super. 2015) (excessive sentence claim in

conjunction with assertion that court failed to consider mitigating factors raises a substantial question).

In **Commonwealth v. Walls**, 926 A.2d 957 (Pa. 2007), our Supreme Court noted that our ability to review a sentence is constrained by 42 Pa.C.S. § 9781(c). The **Walls** Court stressed the deferential nature of our examination of any sentence, stating that the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." **Id**. at 961 (citation and quotation marks omitted). By statute, we can vacate a sentence and remand for re-sentencing only if we find 1) that the court intended to sentence within the guidelines but "applied the guidelines erroneously;" 2) a sentence was imposed within the guidelines "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or 3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). "In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." **Id**.

Presently, we find that the second of these categories is implicated. Appellant attempts to argue that the sentence is outside of the guidelines by ignoring the distinction between the total sentence imposed versus the individual sentence imposed at the aggravated assault count. "Appellant submits that there were no aggravating circumstances to justify a sentence

eighty-four (84) or seventy-two (72) months over the aggravated range of the sentencing guidelines for the most serious offenses." Appellant's brief at 15. Hence, Appellant refers to the total sentence imposed, or, more accurately, his incorrect calculation of the total sentence imposed, and compares that total sentence to the aggravated range for the **individual** crimes of aggravated assault and/or robbery, which he asserts are "the most serious offenses." Appellant's brief at 13.

However, it is inappropriate to maintain that Appellant's true sentence was for "the most serious offense" while ignoring the fact that the aggregate sentence was achieved through the imposition of consecutive sentences. The aggravated assault (serious bodily injury) sentence was within the guidelines, as the parties agreed that the deadly weapon used enhancement matrix would apply to that charge, which carries an offense gravity score of eleven. *See* 204 Pa.Code. § 303.15. Therefore, when paired with Appellant's prior record score of zero, the standard range with the enhancement called for a sentence of fifty-four to seventy-two months, with an aggravated range of eighty-four months.[2] Hence, the sentence of seven

---

[2] This is how Appellant arrives at his conclusion that his sentence was manifestly excessive because it was "eighty-four (84) . . . months over the aggravated range of the sentencing guidelines." Appellant's brief at 15. He has calculated his sentence as imposing a minimum of 168 months (fourteen years multiplied by twelve), and compares that 168 months to the eighty-
*(Footnote Continued Next Page)*

to fifteen years incarceration at that count, while in the aggravated range, is still within the guidelines. **See Commonwealth v. Bowen**, 975 A.2d 1120, 1128 (Pa.Super. 2009) (sentence within aggravated range still constitutes a sentence within the guidelines). Appellant does not argue that any of the other sentences falls outside of the guidelines for the pertinent offense.[3]

Hence, we can vacate judgment of sentence only if application of the guidelines was clearly unreasonable, which "commonly connotes a decision that is 'irrational' or not guided by sound judgment." **Walls**, **supra** at 963. Additionally, § 9781(d) of the Sentencing Code provides that when we review the record, we must have regard for:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

four month aggravated range guideline sentence for the aggravated assault charge.

[3] Since Appellant fails to acknowledge the actual sentence imposed, he does not mount any challenge whatsoever to the sentences imposed at possession of an instrument of crime, robbery with respect to Mr. Durham, and the carrying a firearm in Philadelphia charge.

42 Pa.C.S. § 9781(d).  A sentence can be deemed unreasonable only after review of these four factors or if the court failed to take into account the factors outlined in 42 Pa.C.S. § 9721, which states, in relevant part:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation).[1]

42 Pa.C.S. § 9721(b).

We now examine the sentence in light of the foregoing standards. First, we reject Appellant's claim that the sentencing court imposed its sentence based solely on the seriousness of the crime.  This assertion is belied by the record.  The trial court had the benefit of sentencing memoranda by both parties as well as a pre-sentence investigation report ("PSI").  "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *Commonwealth v. Moury*, 992 A.2d 162, 171

(Pa.Super. 2010) (quotation marks and citation omitted).[4] Furthermore, these mitigating facts were heard during argument, as Appellant called witnesses and offered argument regarding mitigation; to wit, his traumatic experiences from serving in Iraq and family support. The court cited these facts when imposing the sentence. Therefore, the trial court weighed the mitigating factors, just not in the fashion Appellant wished. The trial court clearly considered the § 9721(b) general standards regarding the need to protect the public, the gravity of the offense, and the rehabilitative needs of Appellant.

With respect to the § 9781(d) factors, we likewise cannot deem the sentence unreasonable. Appellant maintains that this case was no different than a "normal" aggravated assault. Assuming there can be said to be such a thing, we disagree with Appellant's conclusion. Appellant shot a man in the stomach after robbing two other men at gunpoint. As the trial court remarked, these circumstances presented a strong case for attempted murder. Moreover, as noted at sentencing, this was not an isolated criminal episode, as the instant sentence applied to three separate criminal cases.

---

[4] Appellant recognizes that the trial court had a PSI, but maintains that this principle does not apply herein because the trial court, while mentioning the PSI at sentencing, did not explicitly state it had read it. We do not find this distinction relevant. We presume that the trial court solemnly performed its duties and would not ignore the information in the pre-sentence report.

Appellant was arrested on August 19, 2012 and charged for carrying a firearm without a license, which resulted in confiscation of that firearm. Then, on September 25, 2012, he used a separate firearm to commit the robberies and aggravated assault. The trial court was not obligated to ignore the fact that Appellant procured a firearm after his arrest for violating the firearm laws, and we find adequate support for the imposed sentence.

We now turn to Appellant's second claim, that the aggregate sentence was excessive. In reality, Appellant is mounting a challenge to the consecutive nature of the other sentences, which is a separate substantial question. *See Antidormi*, *supra* at 760 (concluding that substantial question was raised only to the one sentence which fell outside the guideline range). His excessive sentence claim relies on the assertion that the court sentenced Appellant due solely to the serious nature of the offense, a claim which we have rejected.

Absent that allegation, the imposition of consecutive sentences does not present the type of circumstances in which we would deem the sentence excessive in light of Appellant's crimes. We stated in *Commonwealth v. Zirkle*, 107 A.3d 127 (Pa.Super. 2014), that

> the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent

sentences does not present a substantial question regarding the discretionary aspects of sentence. We see no reason why [a defendant] should be afforded a 'volume discount' for his crimes by having all sentences run concurrently.

However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. When determining whether a substantial question has been raised, we have focused upon whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case.

*Id*. at 133-34 (citations and quotation marks omitted). ***Zirkle*** concluded that a minimum sentence of seventeen years and one month incarceration for three burglaries and one terroristic threat was not so manifestly excessive as to present a substantial question.

We do not view this case as one of these extreme circumstances where the aggregate sentence appears to be excessive in light of the conduct in this case, for the reasons delineated *supra*. Hence, upon reviewing the actual argument advanced in support of this claim, we conclude that Appellant failed to raise a substantial question justifying a merits review of the sentence.

Judgment of sentence affirmed.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2017