J-A18003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JONATHAN GARRETT UPTON | |
| Appellant | No. 1309 WDA 2016 |

Appeal from the Judgment of Sentence January 14, 2016
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000114-2015

BEFORE:  BOWES, LAZARUS, AND OTT, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED  NOVEMBER 1, 2017**

Jonathan Garrett Upton appeals from the judgment of sentence of ten to twenty years incarceration imposed after he pled guilty to statutory sexual assault, indecent assault, incest, endangering the welfare of a child, and corruption of minors.  We affirm.

This matter arose after Appellant's then-fourteen-year-old daughter, D.U., reported to police and child services that Appellant had engaged in sexual intercourse with her on numerous occasions dating back to when she was eight years old.  On March 5, 2015, Appellant was arrested and charged with rape of a child and various other related offenses.  While being interviewed by police, Appellant made inculpatory statements, including that he once awoke to find D.U. performing oral sex on him, and that he had

once shown her pornography because she was purportedly curious about sexual intercourse.

On the date of jury selection, Appellant elected to plead guilty. Appellant tendered an open guilty plea to the above-listed offenses, and the court *nolle prossed* the remaining charges. The trial court conducted the mandatory colloquy, wherein Appellant confirmed that he understood his rights and the maximum penalties for his offenses, and that no one had used force or coercion to induce him to enter a plea. Further, Appellant verified that he had sufficient time to discuss the case with his attorney. The court then reviewed the nature, factual basis, maximum penalties, and reporting requirements for the charges brought against Appellant. At one point in the colloquy, Appellant consulted with his lawyer and the trial court to ensure that the factual basis for his plea was solely oral sexual intercourse.

The elements of each crime were set forth in the record, and Appellant pled guilty based on his concession that he had oral sexual intercourse with his daughter, who was less than thirteen years old, on more than one occasion, and that he showed her pornography. The court accepted Appellant's guilty plea as knowingly, intelligently, and voluntarily made. It then deferred sentencing so that a sexually violent predator ("SVP") evaluation could be conducted by the Sexual Offender Assessment Board ("SOAB"). In furtherance of the assessment, Appellant provided a preliminary interview to a SOAB investigator on October 19, 2015, wherein

he reiterated inculpatory statements regarding the basis of the charges. During this interview, Appellant averred that D.U. had once performed oral sex on him, and that, on another occasion, he showed her pornography.

Following the entry of his guilty plea, Appellant's counsel filed a motion to withdraw from her representation. On December 23, 2015, current counsel entered his appearance and filed a motion to withdraw guilty plea asserting that Appellant was innocent of the crimes charged, and that he was pressured by prior counsel into entering a plea. The trial court held a hearing on the motion wherein Appellant testified on his own behalf and offered the testimony of his sister in support of his position. The trial court found this testimony to be incredible, and, accordingly, denied Appellant's motion. On January 14, 2016, the court, relying on the SOAB's assessment, found Appellant to be an SVP and sentenced him to an aggregate term of ten to twenty years incarceration with credit for time served.

Appellant filed a post-sentence motion to modify and reduce his sentence. Before the court could rule on that motion, however, Appellant filed a notice of appeal to this Court. We quashed that appeal, and remanded to the trial court for disposition of the outstanding post-sentence motion. The trial court then denied Appellant's post-sentence motion, and he again filed a timely notice of appeal to this Court. Appellant complied with the trial court's order to file a Rule 1925(b) concise statement of errors

complained of on appeal, and the court authored its Rule 1925(a) opinion. This matter is now ready for our review.

Appellant lodges two complaints for our consideration:

[1] Did the Trial Court err in denying Appellant's Motion to Withdraw Guilty Plea where Appellant has claimed he is innocent of the charges against him and has asserted that he was pressured by prior counsel to accept a plea?

[2] Did the Trial Court abuse its discretion in sentencing Appellant to an aggravated sentencing range based on consideration of impermissible factors and unsubstantiated assertions?

Appellant's brief at 4.

Appellant's first issue challenges the trial court's denial of his motion to withdraw his guilty plea. Under the rules of criminal procedure, a trial court may, in its discretion, permit a defendant to withdraw a guilty plea at any time before sentence is imposed. Pa.R.Crim.P. 591(A). While there is no absolute right to withdraw a guilty plea, if a motion to withdraw is filed prior to sentencing, such motions are to be granted liberally. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015) (citing *Commonwealth v. Forbes*, 292 A.2d 268, 271 (Pa. 1973)).

Our standard of review in this context is well settled:

A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any fair and just reasons for withdrawing his plea absent substantial prejudice to the Commonwealth.

*Commonwealth v. Elia*, 83 A.3d 254, 261-62 (Pa.Super. 2013) (internal citations and quotation marks omitted). Formerly, a bare assertion of innocence was considered a fair and just reason to permit the presentence withdrawal of a guilty plea. *See Forbes*, *supra*. However, in *Carrasquillo*, *supra*, our High Court articulated that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a presentence request to withdraw a guilty plea. *Carrasquillo*, *supra* at 1285. The Supreme Court determined that "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a guilty plea." *Id*. At 1292. Hence, it ruled that "broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id*.

In denying Appellant's motion to withdraw his guilty plea, the trial court found that his claims amounted to a bare assertion of innocence. Trial Court Opinion, 11/9/16, at 4.[1] The court noted that Appellant only proclaimed his innocence twice during the plea withdrawal hearing, and both

---

[1] The trial court authored two 1925(a) opinions, one after Appellant first appealed to this Court, which we subsequently quashed, and a second following this appeal. In its second opinion, filed on November 9, 2016, the court relies heavily on its previously filed opinion, dated March 7, 2016.

times it was in response to a question from counsel. *Id*. At 3-4. It highlighted that, when asked why he wanted to withdraw his plea, Appellant did not expound upon his innocence, but rather, he stated that he was unfamiliar with the process and that he had been pressured by his attorney. *Id*. at 4.

In addition, the trial court found the timing of Appellant's motion to withdraw to be significant. It noted that Appellant waited to file his motion to withdraw his guilty plea until after he received the SOAB report on November 23, 2015, and just weeks prior to sentencing. It observed that Appellant testified that he desired to withdraw his plea the day he entered it on September 1, 2015, yet he was thwarted in this endeavor by prior counsel. In light of this extended timeframe, and Appellant's failure to bring any supposed problems with prior counsel to the court's attention, the court found Appellant's explanation incredible. Further, the court was not persuaded by Appellant's testimony that D.U. had recanted her allegations, finding no evidence of record to support that assertion. Finally, the court found Appellant's claims that he "felt pressured" to enter the guilty plea implausible. *Id*. at 6. Rather, the court stated, Appellant had ample time prior to jury selection to consult with his attorney, and that he "was alert, he was calm, and he appeared to be at ease during the [plea] proceeding." *Id*. Thus, the court concluded that Appellant had not made a plausible assertion of innocence.

We find that the trial court did not abuse its discretion in denying Appellant's motion to withdraw. In addition to proclaiming his innocence, Appellant relies on two claims to bolster his position: that the victim has since recanted her allegations, and that Appellant was coerced into entering his plea by prior counsel. Upon review of the certified record, we find no support for either of these claims. First, the record is devoid of any indication that the victim has renounced her allegations. Second, although Appellant asserts that prior counsel failed to meet with him, return his communications, or advocate zealously on his behalf, he has not produced evidence in support of those allegations beyond his testimony, and the testimony of his sister, which the trial court did not credit.

For example, at the withdrawal hearing, Appellant testified that his sister attempted to contact prior counsel regarding his request to withdraw his guilty plea. N.T. Hearing, 1/8/16, at 12-13. Appellant's sister, Tara Vanderhoof, echoed this statement and averred that she attempted to contact prior counsel "several times" by phone and email to express Appellant's wish to withdraw his guilty plea. *Id*. at 25. Neither claim supports Appellant's contention that his guilty plea counsel was coerced by counsel. Furthermore, Appellant did not offer phone records, or any other evidence, to support these claims. Moreover, during the plea colloquy, Appellant acknowledged that he understood his rights, that he was satisfied

with prior counsel's representation, and that he was entering his plea voluntarily. N.T. Guilty Plea, 9/1/15, at 9-12.

In light of the inculpatory statements Appellant made to the police and the SOAB investigator, we find that Appellant failed to make a plausible claim of innocence. Accordingly, we conclude that Appellant did not establish a colorable demonstration that withdrawal of his plea would promote fairness and justice. *Carrasquillo*, *supra*; *Cf. Commonwealth v. Islas*, 156 A.3d 1185 (Pa.Super. 2017) (finding defendant had made plausible assertion of innocence where he made no inculpatory statements, maintained innocence throughout course of investigation, demonstrated implausibility of allegations, and asserted that victim had motive to fabricate charges). No relief is due.

In his second issue, Appellant raises a challenge to the discretionary aspects of his sentence, contending that the trial court abused its discretion by sentencing him in the aggravated range based on its consideration of impermissible factors and unsubstantiated assertions. It is well-settled that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted). Furthermore, "the right to appellate review of the discretionary aspects of a sentence is not absolute, and must

be considered as a petition for permission to appeal." In order to invoke this Court's jurisdiction:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issues were properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*.

Herein, Appellant filed a timely notice of appeal, a timely post-sentence motion to modify his sentence, and included a Rule 2119(f) statement in his appellate brief. Further, we find that Appellant has raised a substantial question for our review. *Commonwealth v. Shugars*, 895 A.2d 1270, 1274-75 (Pa.Super. 2006) (finding substantial question were appellant argued trial court relied on "impermissible factors," as reason for increased sentence).

After pleading guilty to the aforementioned offenses, Appellant was sentenced at five counts to an aggregate sentence in the aggravated range of one-hundred-twenty to two-hundred-forty months imprisonment. The trial court had the benefit of a presentence investigation report and set forth its reasoning for sentencing Appellant in the aggravated range as follows:

> I am aggravating the sentences at count two, nine, and twelve for the following reasons. You are the victim's father and sole caregiver at all times of your assault. You used your position as her sole caregiver to repeatedly victimize her. You violated that parental trust.

Second reason is that the harm you have inflicted upon your daughter is substantial and permanent. She is in counseling now. She probably will be for a long time. And, walking through life knowing what your father perpetrated upon you is an unfathomable burden for her to carry.

The third reason, you failed to accept any responsibility for your actions and you are a poor candidate for rehabilitation. In your interviews, you blame your daughter. You, basically, accuse her of being the sexual aggressor of some uncontrollable attraction to you. Because of your pedophilia, your paraphilia, a lifetime condition, you will always be a danger to any young woman who crosses your path. Part of my observations about that have been you in the courtroom. I see nothing in your demeanor or actions that would indicate any type of remorse, any type of acceptance of responsibility. The sentences at count ten and count eleven are being aggravated for the second and third reasons I just identified above.

N.T., 1/14/16, at 42-44.

Appellant's argument in this regard is multi-faceted. First, he contends that the trial court failed to consider the sentencing guidelines. Second, he claims that the trial court abused its discretion by relying on impermissible factors in sentencing him outside of the guideline ranges. In fashioning his sentence, Appellant maintains that the court employed unreliable information, for example, that Appellant had failed to accept responsibility for his actions. Appellant claims this factor was not relevant since he had moved to withdraw his guilty plea on the basis that he was innocent of the crimes committed, and therefore, he should not be expected to express remorse. He also assails the trial court's reliance on its "observations of Appellant," asserting that the court did not specify what

those observations entailed, and therefore, there is no means to ascertain whether they were relevant to the sentencing scheme. Appellant's brief at 35.

Further, Appellant argues that the trial court utilized "unsubstantiated claims," including that he blamed his daughter for his sexual activity, that he was a pedophile and "always will be," and that he was a danger to "any young child in the community who crosses his path." *Id*. Next, Appellant argues that the sentencing court's reasoning reflects bias towards him. He notes that the trial court's statements at the sentencing hearing and during prior proceedings reflect animosity towards him. Finally, Appellant contends that his sentence was disproportionate to his crime insofar as it failed to be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and his rehabilitative needs. He alleges that a maximum sentence of twenty years imprisonment is "more consonant with homicide or a long history of violent drug trafficking." Appellant's brief at 37.

We find that the trial court did not abuse its discretion in rendering Appellant's sentence in the aggravated range of the sentencing guidelines. At the outset, we note that the trial court did not sentence Appellant outside the sentencing guidelines, but merely in the aggravated range. ***Commonwealth v. Bowen***, 975 A.2d 1120, 1128 (Pa.Super. 2009) (noting that sentence, despite falling in aggravated range, still constituted a

sentence within the guidelines). Thus, our review is limited to determining whether Appellant's sentence was "clearly unreasonable." *Id*. (citing 42 Pa.C.S. § 9781(c)(2)). Moreover, the trial court had the benefit of a pre-sentence investigation report, *see* N.T., 1/14/16, at 34, and therefore, we presume that the court "is aware of all appropriate sentencing factors and considerations," including the protection of the public, the gravity of the offense as its relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant. *Commonwealth v. Johnson*, 167 A.3d 17, 26 (Pa.Super. 2017) (citation omitted); 42 Pa.C.S. § 9721(b).

In determining Appellant's sentence, the court reviewed the SOAB report, which included statements Appellant made to the SOAB investigator on October 19, 2015. Appellant relayed to the investigator that he once awoke to find his daughter performing oral sex on him, that he showed her pornography, and that he felt she wanted to engage in sexual intercourse with him. The SOAB report also revealed that Appellant met the diagnostic criteria for pedophilic disorder, which is considered a lifetime condition. This evidence was introduced by the Commonwealth through Brenda Manno, a licensed clinical social worker for the SOAB. *See* N.T., 1/14/16, at 7-10, 17-20. Thus, contrary to Appellant's position, we find record support that the court utilized reliable and substantiated information, based upon the facts and evidence before it.

Lastly, as noted above, the trial court clearly and extensively set forth its reasoning for Appellant's sentence on the record. We do not detect any bias in the court's reasoning, and indeed, Appellant did not cite to any particular incidents of such claimed bias, relying instead on a general implication of the court's "repeated instances of animosity." Appellant's brief at 36. Herein, Appellant was sentenced for sexually abusing his minor daughter, for whom he was the sole caregiver. In light of the deplorable and egregious nature of these offenses, we do not find that Appellant's sentence was clearly unreasonable. 42 Pa.C.S. § 9781(c)(2). Hence, this claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2017