J-A05044-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEATH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SANDY BLAGDAN | : | |
| | : | |
| Appellant | : | No. 634 WDA 2018 |

Appeal from the Judgment of Sentence April 4, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000524-2017

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    FILED FEBRUARY 04, 2019

Sandy Blagdan (Appellant) appeals from the judgment of sentence imposed after she pled guilty to eleven counts of cruelty to animals.[1]  We affirm.

The charges in this case arose from Appellant's neglect of 10 dogs and a cat.  Based upon the investigation of a humane society police officer, a private criminal complaint against Appellant was filed on September 11, 2017. On February 20, 2018, Appellant appeared before the trial court and pled guilty to the above crimes.  Sentencing was delayed for the preparation of a pre-sentence investigation report, as well as a psychiatric evaluation.

_____

[1] 18 Pa.C.S.A. § 5511(c)(1).

On April 4, 2018, the trial court sentenced Appellant to an aggregate 24 months, 23 days to 11 years of incarceration.[2]  Appellant filed a timely post-sentence motion, which the trial court denied.  Appellant filed this timely appeal on April 27, 2018.  Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents one issue for our review:

> Whether the [c]ourt abused its discretion by handing down a sentence that is manifestly excessive inflicting too severe a punishment that is disproportionate to the crimes committed and is therefore clearly unreasonable when the [c]ourt sentenced at the aggravated limit, made each of eleven counts consecutive to one another, and failed to give due consideration on a psychiatric evaluation.

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of her sentence.  "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Buterbaugh, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence."  Id.  We conduct this four-part test to determine whether:

_____

[2] Appellant's minimum sentence was originally 33 months.  However, as Appellant was found eligible for the Risk Recidivism Reduction Incentive (RRRI) program, her minimum sentence was decreased to 24 months, 23 days.  See 61 Pa.C.S.A. § 4505.

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

Commonwealth v. Baker, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." Commonwealth v. Dodge, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of this test by raising her discretionary sentencing claim in a timely post-sentence motion, filing a timely notice of appeal, and including in her brief a Rule 2119(f) concise statement. Therefore, we examine whether Appellant presents a substantial question.

Appellant argues that the trial court erred in fashioning an excessive sentence where it "made each of eleven counts consecutive to one another, and failed to give due consideration on a psychiatric evaluation." Appellant's Brief at 22. This argument presents a substantial question. See Commonwealth v. Swope, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a

substantial question.") (citations omitted). We thus review Appellant's sentencing claim mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

Commonwealth v. Cook, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

> The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

Id. Further, "[a] sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." Commonwealth v. Bowen, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citations omitted). "In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's

decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion." Id. (citation omitted).

This Court has also held, "[w]hen a sentencing court has reviewed a pre-sentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." Baker, 72 A.3d at 663 (citing Commonwealth v. Fowler, 893 A.2d 758, 767 (Pa. Super. 2006)). Additionally:

> [i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

Fowler, 893 A.2d at 767-68 (citing Commonwealth v. Boyer, 856 A.2d 149, 154 (Pa. Super. 2004)) (some citations omitted).

At Appellant's sentencing hearing, the trial court specifically stated that it reviewed Appellant's pre-sentence investigation report. N.T., 4/4/18, at 5. Before imposing Appellant's sentence, the trial court commented:

> I've reviewed the presentence investigation, considered her age, her background, her prior record, everything contained in the presentence and everything necessary for sentencing.
>
> I've also considered the psychiatric evaluation of Doctor Martone. I've considered the fact she has pled guilty prior to this offense to eighteen counts of cruelty to animals.
>
> I don't know if you pled or were found guilty. I think it was a summary appeal. She was on probation for summary offenses.

That involved eighteen different animals, a dog that had died and a house that was essentially destroyed by [Appellant's] neglect.

In that case, although it's been several years, if I remember, she would throw a bag of dog food in the house every so often, and she kept putting dogs in that house.

Now, we certainly know she doesn't know how to care for dogs, but she knew very well and nothing in Doctor Martone's psychological says different, that she wasn't allowed to have a dog. That's very basic, and she gets dogs and it has puppies, and now we have more neglectful abuse.

So the probations are on summaries, and there's ninety days possible on each of those. So from the date she went into jail to today's date, we're going to take the number of summary offenses and use all of the time against it for all the credit for time served . . . and we'll take no further action on those summary appeal cases.

But on each of the eleven counts, [Appellant], I don't know that I've ever seen a situation like this, and there's nothing that can be done to control you.

You go out and get more dogs, and not only do you have a dog, which would have been a violation, but you have dogs that you ultimately neglected and maltreated again just months, maybe a year, at most, after your violation where we had dead dogs and dogs that were chronically ill from your neglect.

So I think, first of all, each of these dogs, as much as I'm not an animal person, and I'll say that. I think our society goes way too far to protect animals. You were the worst offender I've ever seen, period, . . .

I think you knew what you were doing, and I think it shows that you cannot be controlled on county probation, so each dog deserves a separate sentence.

Each of them should be in the aggravated range because, one, you were on probation. Two, you've already killed dogs, and three, you're not amenable to county probation.

N.T., 4/4/18, at 5-7.

In its opinion, the trial court further explained:

In this case, neither the individual sentences nor their aggregate evidenced an abuse of discretion.

As the record reflects, [Appellant] was already on probation for abusing or neglecting animals when she was charged with eleven additional counts of the same offense, and a specific condition of her probation was a prohibition against owning any more dogs. Yet she was found with several in her home in relation to the charges that are the subject of this case, there being no indication that she failed to understand that condition. She simply was not willing to abide by it. For that reason, and for those further articulated by the [c]ourt at the sentencing hearing, an aggregated maximum term of incarceration seemed to be the most appropriate sentencing alternate [sic] under the circumstances. As the transcript plainly evidences, moreover, the [c]ourt was well aware of Dr. Martone's findings and all other factors that a court must consider at the time of sentencing. [Appellant's] claim thus lacks evidentiary support.

Trial Court Opinion, 6/31/18, at 1-2 (citations to notes of testimony omitted).

Based on our review of the record, we conclude that the trial court properly considered all relevant factors when imposing Appellant's sentence. Along with Appellant's pre-sentence investigation report, the trial court specifically discussed Appellant's psychiatric evaluation, the severity of Appellant's crimes, her criminal record, and her probationary status for prior similar conduct. Ultimately, and in its discretion, the trial court determined that Appellant's crimes necessitated aggravated-range sentences to be served consecutively. Thus, the trial court did not err in refusing to run Appellant's sentences concurrently. See Commonwealth v. Zirkle, 107 A.3d 127, 133 (Pa. Super. 2014) ("We have stated that the imposition of consecutive rather

than concurrent sentences lies within the sound discretion of the sentencing court.") (citations omitted). For these reasons, we discern no abuse of discretion by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2019