J-S08023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
    :               PENNSYLVANIA
    :
v.     :
    :
    :
JAVEZ REYNOLDS     :
    :
Appellant     :   No. 1920 EDA 2024

Appeal from the Judgment of Sentence Entered February 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009038-2022

BEFORE:  DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:         **FILED MAY 2, 2025**

Javez Reynolds appeals from the judgment of sentence imposed after the trial court found him guilty of multiple offenses including possession of a firearm prohibited and possession of a controlled substance with intent to deliver ("PWID").  He challenges the discretionary aspects of his sentence. Upon review, we affirm.

The trial court set forth the facts as follows:

On November 9, 2022, Police Officer Camilla Molina ("Officer Molina") was on bicycle patrol around the 3300 block of Argyle Street, Philadelphia, PA, when Officer Molina observed a white Hyundai Sonata with a broken rear window driving nearby. With knowledge the car was in stolen status, Officer Molina approached and commanded [Reynolds] to exit the vehicle.  [Reynolds] instead drove away and crashed into a parked car two blocks away. He abandoned the vehicle and ran for several blocks carrying a black plastic bag.  Shortly thereafter, [Reynolds] was apprehended by the assisting officers on a rooftop.  The bag he was carrying contained:  one thousand one (1001) Ziploc baggies of heroin, two (2) Ziploc baggies of cocaine, thirty (30) containers

> of crack cocaine, and four (4) containers of marijuana. A Glock
> 45 with twenty-six live rounds was recovered from the abandoned
> Hyundai Sonata.

Trial Court Opinion, 10/23/24, at 2-3 (citations omitted). The gun had an extended magazine and contained hollow point bullets. Reynolds was arrested and charged with multiple offenses.

On December 1, 2023, following a non-jury trial, the court found Reynolds guilty of possession of firearm prohibited; PWID; possession of a controlled substance; fleeing or attempting to elude an officer; receiving stolen property; evading arrest or detention on foot; and unauthorized use of motor vehicle.[1]

On February 16, 2024, the trial court sentenced Reynolds to an aggregate term of 11 to 22 years' incarceration: 6 to 12 years' (72 to 144 months') incarceration for possession of firearm prohibited and 5 to 10 years' (60 to 120 months') incarceration for PWID to run consecutive to each other.[2] Reynolds filed a post-sentence motion, which was denied by operation of law.

Reynolds filed this timely appeal. He and the trial court complied with Appellate Rule 1925.

On appeal, Reynolds raises the following issues:

---

[1] 18 Pa.C.S.A. § 6105(a)(1); 35 P.S. § 780-113 (a)(30) and (a)(16); 75 Pa.C.S.A. § 3733(a); and 18 Pa.C.S.A. §§ 3925(a), 5104.2(a), and 3928(a) (respectively). The Commonwealth *nolle prossed* two other firearm charges under 18 Pa.C.S.A. §§ 6106 and 6108.

[2] Although Reynolds was convicted of other offenses, it appears that the trial court did not impose any further sentence for them.

1. Whether the sentence imposed on [Reynolds] was harsh and excessive and an abuse of discretion since the [trial] court failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

2. Whether the [trial] court erred and abused its discretion in that it sentenced [Reynolds] in the aggravated range without considering mitigating factors and only considered the seriousness of the offense when it imposed sentence?

3. Whether the [trial] court erred and abused its discretion in sentencing [Reynolds] in that it failed to place its reasoning for the sentence, including its diversion from the sentencing guidelines, on the record?

4. Whether the [trial] court erred and abused its discretion in sentencing [Reynolds] in that it sentenced him outside of the guidelines and failed to state on the record his permissible range of sentence under the guidelines?

Reynolds' Brief at 6.

Reynolds challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code .... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

In the instant case, Reynolds filed a timely post-sentence motion and a timely notice of appeal, satisfying the first two criteria under *Colon*. However, Reynolds failed to include a separate Appellate Rule 2119(f) statement in his brief, and the Commonwealth objected. Commonwealth's Brief at 5. Where the Commonwealth objects to the omission of this statement, this Court is precluded from considering the merits of a discretionary sentencing claim. *Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006). Accordingly, Reynolds failed to preserve his challenge to the discretionary aspects of his sentence, and it is waived. *Id.*

Even if Reynolds included this statement in his brief, raised a substantial question, and we reached the merits of his sentencing claim, we would conclude that the trial court did not abuse its discretion. Our standard of review of a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). Where there is an abuse of discretion, the sentence must be vacated. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

- 4 -

The Sentencing Code requires that when sentencing a defendant, the trial court must first consider the sentencing guidelines. 42 Pa.C.S.A. § 9721(b). The court also must consider "the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Finally, before imposing a sentence of total confinement, the court must consider "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant." 42 Pa.C.S.A. § 9725.

Reynolds claims that the trial court abused its discretion when it did not consider the sentencing guidelines and imposed an excessive sentence, in the aggravated range, without indicating on the record its reasons for the deviating from the guidelines. Reynolds further claims that the court did not consider relevant sentencing factors, particularly the mitigating ones. Instead, Reynolds maintains that the court considered only the seriousness of the crimes. Reynolds' Brief at 15, 17.

Upon review of the record, we observe that, at sentencing, the trial court considered and noted on the record the applicable sentencing guidelines for each of Reynolds' offenses, contrary to his claim. N.T., 2/16/24, at 5-6, 34. Under the sentencing guidelines, the offense gravity score ("OGS") for the firearm offense and PWID were both 11. Reynolds' prior record score was 4. Thus, the minimum standard range sentence was the same for both offenses, 60 to 78 months' incarceration plus/minus 12 months; an aggravated minimum sentence would be 90 months (7 ½ years).

Here, the trial court sentenced Reynolds to 72 to 120 months' incarceration for possession of firearm prohibited and 60 to 120 months' incarceration for PWID. Notably, both sentences were within the standard range. In fact, the court granted Reynolds some leniency on the PWID sentence, being his first PWID offense, and imposed a minimum sentence at the bottom of the standard range. N.T., 2/16/24, at 35; Trial Court Opinion, 10/23/24, at 6. Thus, clearly, Reynolds' sentence was not in the aggravated range or outside the guidelines. Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz–Centeno*, 668 A.2d 536 (Pa. Super. 1995). And, although the trial court imposed these sentences consecutively, this Court has long held that a sentencing court has broad discretion regarding whether a defendant serves sentences consecutively or concurrently. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014). Furthermore, a defendant convicted of multiple offenses is not entitled to a "volume discount." *See Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. 1995).[3]

_____

[3] When considering whether the trial court imposed a sentence within the guidelines or deviated from the guidelines, we only consider the individual sentence itself and do not look at the sentence in the aggregate where consecutive sentences are imposed. Thus, Reynolds' sentence was not in the aggravated range as he maintains. *See* Reynolds' Brief at 15. Additionally, the court did not impose a sentence which deviated from the guidelines. *See id.* at 16. A sentence in either the mitigated or aggravated range is still considered a sentence within the guidelines and not a deviation therefrom.
*(Footnote Continued Next Page)*

Additionally, our review of the record discloses that the trial court did not base its sentence only on the seriousness of the crimes; the court considered other relevant factors including mitigating ones. The trial court had a presentence investigation report ("PSI"), which it reviewed. N.T., 2/16/24, at 4, 34-35. It is well settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). The court also had, and reviewed, Reynolds' mental health evaluation. N.T., 2/16/24, at 4.

Reynold's counsel further highlighted for the court multiple mitigating factors including Reynolds' difficult youth which included being robbed at gunpoint when he was 16. Consequently, he suffers from PTSD and paranoia; he felt the need to carry a gun to protect himself. Counsel maintained that Reynolds' mental health was the driving force behind his conduct. Reynolds has a child and a family that supports him. N.T., 2/16/24, at 26.

Reynolds explained to the trial court the significant impact his being tried as an adult and imprisoned for aggravated assault at age 17 had on him. He told the court he lost his mom at age 18 while he was incarcerated, his family was having difficulties, and a lengthy sentence would make things

---

*Commonwealth v. Bowen*, 975 A.2d 1120, 1128 (Pa. Super. 2009) (sentence within aggravated range still constitutes a sentence within the guidelines).

harder on them. *Id.* at 30. Notably, the court expressed its sympathy for Reynolds' losses and wished his sick family members well. *Id.* at 32.

The trial court clearly considered all the relevant factors as required but gave greater weight to certain factors. In particular, the court expressed, **on the record**, its concern regarding the fact that Reynolds' fled from police, first in the vehicle, and then on foot; Reynolds' had several convictions for gun offenses; Reynolds had a "very, very large amount" of drugs in his possession; and Reynolds had an extended magazine and hollow point bullets for the gun. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." **See Commonwealth v. Macias**, 968 A.2d 773, 776 (Pa. Super. 2009).

In sum, we find that Reynolds waived his sentencing claim, but if it were not, we would conclude that the trial court did not abuse its discretion when it sentenced Reynolds.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/2/2025