J-S15012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEGHAN COX | : | |
| | : | |
| Appellant | : | No. 1560 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 18, 2024
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000047-2024

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: September 10, 2025**

Appellant, Meghan Cox, appeals from the judgment of sentence entered on November 18, 2024, as made final by the denial of her post-sentence motion.  We affirm.

On September 30, 2023, a police officer responded to the parking lot of a Circle K gas station located in Cumberland Township, Greene County Pennsylvania.  Upon arrival, the officer discovered Appellant slumped over the steering wheel of her vehicle, with her two young children in the back seat. The officer filed numerous charges against Appellant on November 7, 2023.

On September 11, 2024, Appellant entered an open guilty plea to all charges, including:  two counts of endangering the welfare of a child, 18 Pa.C.S.A. § 4304(a)(1); one count of driving under the influence of alcohol or

_____

[*] Retired Senior Judge assigned to the Superior Court.

controlled substance (DUI) - combined influence (second offense), 75 Pa.C.S.A. § 3802(d)(3); one count of DUI - highest rate (second offense), 75 Pa.C.S.A. § 3802(c); and, one summary count of driving while license suspended — DUI related, 75 Pa.C.S.A. § 1543(b)(1)(i).

The trial court convened a sentencing hearing on November 18, 2024. The Commonwealth introduced a presentence investigation report (PSI) which detailed Appellant's criminal history, her family circumstances, her employment status, and her history of treatment for alcohol and substance abuse. The Commonwealth also called Misti Yeager, Appellant's mother, who testified that Appellant was an alcoholic who should confront the consequences of her actions. Appellant testified on her own behalf, explaining to the court that she parents two special needs children, that she is actively working on her addiction issues and with Children and Youth Services to achieve reunification with her children, and that she is currently employed as a home health aide caring for a patient who depends on her greatly.

After considering the PSI report and the extensive live testimony, the court imposed an aggregate sentence of one to five years' incarceration.[1] At

---

[1] The court ordered Appellant to serve one to five years' imprisonment for each child endangerment conviction and for the offense of DUI – combined influence. These sentences were imposed concurrently. For sentencing purposes, the court merged Appellant's conviction for DUI – highest rate with the offense of DUI – combined influence. Finally, the court imposed a flat, 90-day sentence for the summary count of driving while license suspended - DUI related. *See* Trial Court Order, 11/18/24. We read the trial court's order as imposing Appellant's flat sentence in a concurrent manner, although this is not specified.

Appellant's request, the court ordered that its sentence be served in the custody of the Pennsylvania Department of Corrections.

On November 19, 2024, Appellant filed a counseled motion for reconsideration. Appellant's motion asked that she be allowed to serve her sentence in the Greene County Prison and that her sentence remain under the jurisdiction of the Greene County Court of Common Pleas. The trial court granted Appellant's motion on November 26, 2024. Appellant filed a timely appeal on December 13, 2024.[2]

Appellant raises the following question for our review.

> Was the sentence [imposed for] endangering the welfare of a child, driving under the influence, and driving while license suspended an abuse of discretion?

Appellant's Brief at 3.

Appellant's claim forwards a challenge to the discretionary aspects of her sentence. Hence, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hoch***, 936 A.2d 515, 517–518 (Pa. Super. 2007) (citation omitted).

---

[2] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

In relevant part, Pennsylvania's Sentencing Code offers the following guidance to the courts tasked with responsibility for imposing criminal punishments.

> **(b) General standards.--**In [imposing a sentence], the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with [42 Pa.C.S.A. § 9725 (relating to total confinement)] and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences a person following revocation of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.*

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010).

The right to appellate review of the discretionary aspects of a sentence is not absolute and should be considered a petition for permission to appeal.

*See Hoch*, 936 A.2d at 518. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

As a preliminary matter, we note that, while Appellant filed a timely notice of appeal, her discretionary sentencing challenge is subject to waiver owing to several procedural missteps. Our review of the record confirms that Appellant did not raise, either at sentencing or within the context of her post-sentence motion, the precise issue she raises in the instant appeal. Our past decisions have made clear that, "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. **Absent such efforts, an objection to a discretionary aspect of a sentence is waived**." *Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) (emphasis in original); *see also Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012), *citing Commonwealth v. Shugars*, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006); Pa.R.A.P. 302(a) ("Issues not

- 5 -

raised in the trial court are waived and cannot be raised for the first time on appeal."). Moreover, Appellant failed to include in her brief a statement pursuant to Pa.R.A.P. 2119(f). The failure to include a Rule 2119(f) statement in an appellate brief waives a challenge to the discretionary aspects of a sentence where the Commonwealth objects to the omission. *See Commonwealth v. Hoyle*, 337 A.3d 544, 574-575 (Pa. Super. 2025). In this case, however, the Commonwealth has not objected to Appellant's briefing deficiency and the default before the trial court has not impeded our review of the claims raised on appeal. Hence, we shall proceed with a merits review.

Appellant complains that the trial court abused its discretion in crediting the testimony of her mother, who harbored a bias against Appellant and who offered testimony to secure punishment purely for personal reasons. *See* Appellant's Brief at 7-8. Appellant argues further that her mother's testimony "was plainly inconsistent, untrustworthy, and unreliable." *Id.* at 8. In contrast, Appellant insists that she testified truthfully about her family circumstances, maintaining her sobriety, and her past criminal history. Weighing her own testimony against the evidence given by her mother, Appellant contends that the evidence introduced at her sentencing hearing weighed heavily in favor of a punishment that would have allowed her to avoid incarceration or would permit her to serve a portion of her sentence on house arrest. *See* Appellant's Brief at 8.

The Commonwealth defends Appellant's standard range sentences, noting that the court considered Appellant's mitigation testimony along with the nature of the crimes, the circumstances of Appellant's arrest, and Appellant's prior criminal record. **See** Commonwealth's Brief at 9. In the Commonwealth's view, the trial court acted fully within the scope of its authority and discretion when it determined that the "severity of [Appellant's actions] outweigh[ed] the mitigating circumstances." **Id.** at 8.

> Section 9781(c) [of the Sentencing Code] specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and, (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S.A. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The . . . weighing of factors under 42 Pa.C.S.A. § 9721(b) [is] exclusively for the sentencing court, and an appellate court [may] not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S.A. § 9781(c).

**Commonwealth v. Bowen**, 975 A.2d 1120, 1123-1124 (Pa. Super. 2009) (citations and punctuation marks omitted).

Although Appellant claims that the trial court failed to properly assess the mitigating factors and evidence, we note that the trial court had the benefit

- 7 -

of a pre-sentence report. Our Supreme Court has determined that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Devers***, 546 A.2d 12, 18–19 (Pa. 1988). With reference to ***Devers***, we have previously explained:

> In imposing [a] sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus, properly considering and weighing all relevant factors.

***Commonwealth v. Fowler***, 893 A.2d 758, 766–767 (Pa. Super. 2006) (citations omitted).

We are satisfied that the trial court in this case imposed an individualized sentence in accordance with the relevant provisions of our Sentencing Code. At Appellant's sentencing hearing, the trial court reviewed at length the presentence investigation report, Appellant's prior criminal record, her age, family circumstances, employment status, mental health characteristics, and her history of alcohol and substance abuse and potential for rehabilitation.

***See generally*** N.T. Sentencing, 11/18/24.  In these circumstances, we shall presume that the trial court was aware of and considered all relevant sentencing criteria.  Notwithstanding, Appellant asks that we re-weigh the mitigating factors or re-assess the credibility of the witnesses who appeared at her sentencing hearing.  Our standards of review allocate these determinations to the trial court and forbid this Court from performing such assessments.  ***See Bowen***, 975 A.2d at 1123-1124.  Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/10/2025